## N. I. Harris et al. v. W. D. Hill.

### Decided March 15, 1909.

**1.—Citation—Publication—Unknown Owners.**

The statute providing for citation by publication against unknown owners of land, being in derogation of common law and "at best but a miserable substitute for personal service," must be strictly followed in order to confer jurisdiction.

**2.—Foreclosure of Lien for Taxes—Description of Land.**

In an action to foreclose lien for state and county taxes assessed against unknown owners, cited by publication, the land being the headright of A. Netherly, the notice of suit as issued describing it as the A. Wetherby, and the publication as the A. Weatheraby survey, no jurisdiction was obtained over the owners and the foreclosure and sale were insufficient to pass title.

**3.—Judgment—Jurisdiction—Collateral Attack.**

When the judgment did not recite that the court, by service of proper process had obtained jurisdiction to render it, and the record showed service wholly invalid, the judgment could be collaterally attacked.

Appeal from the District Court of Panola County. Tried below before Hon. W. C. Buford.

*F. H. Prendergast,* for appellants.—The court erred in not rendering judgment for the plaintiff, canceling the judgment in the tax suit and the sheriff's sale thereunder, because the citation issued in the tax suit was a citation to be served by publication, and was so served, and the same did not contain a proper or sufficient description of the land on which the tax was claimed, and said citation contained an erroneous and misleading description of the land. Rev. Stats., art. 5232o; Kenson v. Gage, 34 Texas Civ. App., 548; Stoneman v. Bilby, 96 S. W., 51; Hertzog v. Geren, 62 S. W., 789.

*H. N. Nelson* and *Brooks & Woolworth,* for appellee.—A judgment rendered by a court of competent jurisdiction can not be attacked collaterally upon the question of the regularity of the court proceedings. Kenson v. Gage, 34 Texas Civ. App., 548.

WILLSON, Chief Justice.—The A. Netherly survey of 160 acres in Panola County was patented to R. S. Board as assignee. By its petition filed in the District Court of said county July 23, 1902, the State commenced an action against the "unknown owner" of the land to recover the taxes due thereon and unpaid for the years 1886 to 1901 inclusive, together with interest, costs and penalties which had accrued thereon, aggregating the sum of $41.30. In the petition the land was described as a tract of 160 acres, the "A. Netherly headright, situated in Panola County, on the west side of the Sabine River about eighteen miles northwest from the town of Carthage," and by its metes and bounds. Attached to the petition was the affidavit of the county attorney to the effect that the averments contained in the petition were true to the best of his knowledge and belief. July 24, 1902, a citation or notice for service by publication on said unknown owner was issued. It was directed as follows: "To unknown owners and to all persons owning or having or claiming any interest in the following described land delinquent to the State of Texas and county of Panola, for taxes, to wit: One hundred and sixty acres of land, the A. Wetherby headright in Panola County, Texas, on west side Sabine River, about eighteen miles northwest from the town of Carthage." No other description of the land was given in the notice. As published in a newspaper for service on the unknown owner, defendant in the suit, the notice was directed as follows: "To unknown owners and to all persons owning or having or claiming any interest in the following described land delinquent to the State of Texas and county of Panola for taxes, to wit: One hundred and sixty acres of land, the A. Weatheraby headright in Panola County, Texas, on west side of Sabine River about eighteen miles northwest from the town of Carthage." No other description of the land or its owners was given in the notice. Without service on the owners of the land of any other notice, on April 3, 1903, the State recovered a judgment against them for said sum of $41.30 and foreclosing a lien on the land as described in its petition. At a sale made in executing the judgment, appellee Hill became the purchaser of the land, it seems. Appellant N. I. Harris, owning an undivided interest in the land, within two years after the purchase thereof by appellee, sought to redeem same from said sale, and tendered to appellee double the sum paid by him as the purchaser thereof at the tax sale. Appellee acknowledged said appellant's right to redeem to the extent of her undivided interest in the land, but denied her right, in the absence of authority from the owners of the other undivided interests, to redeem as to their interests. Said appellant N. I. Harris, joined by her husband, then commenced this suit. From a judgment in their favor canceling the deed conveying the land to appellee, the latter appealed to this court. Because of an error of the trial court in sustaining a demurrer to appellee's answer, including a general denial, and in the absence of evidence rendering the

judgment against him, it was reversed and the cause was remanded for a new trial. (108 S. W., 489.) In the court below the pleadings were then amended, the owners of the other undivided interests making themselves parties plaintiff. The new trial resulted in a verdict and judgment in favor of appellant N. I. Harris against appellee for a one-seventh undivided interest, and in favor of appellee against all the appellants for a six-sevenths undivided interest in the land. The appeal is prosecuted by the plaintiffs in the court below, the heirs and vendees of the heirs of R. S. Board, the patentee, against the judgment in appellee's favor for six-sevenths of the land.

*After stating the case.*—The validity of the judgment is attacked on several grounds. In disposing of the appeal we have found it necessary to consider only one of the number. If the owners of the land were unknown the law authorized notice of the pendency of the suit to be given to them by publication, but it required the publication to be of a notice so describing the land as to identify it, and so identify them as the defendants in the suit. Sayles' Stat., art. 5232o. In no other way authorized by law could the owners of the land, being unknown, be so brought before the court as to empower it to bind them by its judgment. Notice so given was "at best but a miserable substitute for personal service" (Hemphill, C. J., in Edrington v. Allsbrooks, 21 Texas, 189), and, being in derogation of the rule at common law, must, to confer jurisdiction on the court to render the judgment, have been strictly followed. Brown on Jurisdiction, p. 207; 17 Ency. Plead. & Prac., pp. 39, 45. The requirements of the law in the issuance and publication of the notice were ignored. As issued it was to the unknown owners of the *A. Wetherby* survey. As published it was to the unknown owners of the *A. Weatheraby* survey. As notice to the owners of the *A. Netherly* survey it was not merely defective; it was no notice at all. Had the owners of the *A. Netherly* survey seen and carefully read it as published the notice would not have advised them that a suit was pending against them. There was no recital in the judgment showing the court to have determined that service of proper process had been had· on the owners of the land. Therefore, we need not determine what would be the effect of such a recital when the attack made on the validity of a judgment is a collateral one. Not only did it not affirmatively appear from such a recital, or from the record, that the court by service of proper process had acquired jurisdiction to render the judgment in question, but, on the contrary, it affirmatively appeared, as we have just shown, that it had not acquired jurisdiction to render it. Under such circumstances there can be no doubt about the right of the owners of the land to attack, as they have attacked it, the validity of the judgment. Earnest v. Glaser, 74 S. W., 605; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Fowler v. Simpson, 79 Texas, 611; Kenson v. Gage, 34 Texas Civ. App., 548; Brown on Jurisdiction, pp. 189, 192, 194, 245, 248, 249, 251, 255; 12 Ency. Plead. & Prac., pp. 175, 196. The judgment in the tax suit being void, it follows that the judgment from which this appeal is prosecuted is erroneous in so far as it was in favor of appellee for a six-sevenths undivided interest in the land. It will be re-

versed, and a judgment will be here rendered in favor of appellants, annulling the judgment in the tax suit and decreeing the title to the land to be in them as against appellee. The costs in this court and in the court below will be adjudged against appellee.

<em>Reversed and rendered.</em>