DAVENPORT v. RUTLEDGE. (No. 1001.)

(Court of Civil Appeals of Texas. Amarillo. May 24, 1916.)

1. JUDGMENT ⚖️335(2)—SERVICE BY PUBLICATION—BILL OF REVIEW.
Under Rev. St. art. 2026, providing that where judgment has been rendered on service of process by publication, and defendant has not appeared in person or by attorney, he may have a new trial within two years, defendant was entitled to a bill of review and to be heard upon the merits of an action against her in a justice court on service by publication requiring her to appear at the second term after publication, in which judgment was rendered by default at the first term, although she had actual notice of the pendency of the suit.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 648, 649; Dec. Dig. ⚖️335(2).]

2. JUDGMENT ⚖️119—DEFAULT JUDGMENT—SERVICE BY PUBLICATION.
Under Rev. St. art. 2330, providing that, where service is made by publication, the first day of the second term after publication shall be appearance day, a judgment by default in the first term after publication, whether void or voidable, will ordinarily be set aside on appeal.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 208, 209, 211–220; Dec. Dig. ⚖️119.]

3. PROCESS ⚖️153—SERVICE BY PUBLICATION—VALIDITY—ERROR IN NAME.
The erroneous statement of defendant's name in process served by publication will reverse the case.
[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 207, 208; Dec. Dig. ⚖️153.]

4. JUDGMENT ⚖️335(1)—SERVICE BY PUBLICATION—BILL OF REVIEW.
Under Rev. St. art. 2026, giving defendant two years in which to file a bill of review and obtain a new trial after service by publication, the remedy given is cumulative, or an additional remedy to an appeal.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647, 650–654, 659, 661; Dec. Dig. ⚖️335(1).]

5. PROCESS ⚖️103—CONSTRUCTION OF STATUTE—SERVICE BY PUBLICATION.
The statutes relating to citation by publication are strictly construed, requiring strict compliance with the essential requirements of the statute.
[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 129, 131; Dec. Dig. ⚖️103.]

6. JUDGMENT ⚖️335(2)—VACATION—DEFECT IN SERVICE BY PUBLICATION.
Under Rev. St. art. 2026, where a judgment was rendered against defendant by default at the first term after service by publication, there not being proper service, defendant was entitled to vacate the judgment, which was void, al-
though the facts might warrant another judgment.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 648, 649; Dec. Dig. ⚖️335(2).]

7. PROCESS ⚖️84—SERVICE BY PUBLICATION—ACTUAL KNOWLEDGE—EFFECT.
Under Rev. St. art. 2026, actual knowledge of the existence of a suit will not supply the want of service.
[Ed. Note.—For other cases, see Process, Cent. Dig. § 98; Dec. Dig. ⚖️84.]

8. HUSBAND AND WIFE ⚖️19(15), 23¾—NECESSARIES—PHYSICIAN'S SERVICES—WIFE'S LIABILITY.
A wife is not personally liable for the debt due a physician for necessary services rendered to her child, unless the debt was contracted by her personally, since, if she merely calls in a physician, it is presumed that she does so as the agent of her husband.
[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 135, 142, 145, 146; Dec. Dig. ⚖️19(15), 23¾.]

9. FRAUDS, STATUTE OF ⚖️14—PROMISE TO ANSWER FOR DEBT OF ANOTHER.
A parol promise by a wife to pay a debt due a physician by her husband for necessary services rendered to her infant child would not render her separate estate liable.
[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 14; Dec. Dig. ⚖️14.]

10. HUSBAND AND WIFE ⚖️23¾—ACTIONS FOR SERVICES—ADMISSIBILITY OF EVIDENCE.
In a physician's action against wife for services rendered her infant child, parol testimony of a verbal promise to pay was admissible, if at all, only to show a contract for such services in the first instance.
[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 145, 146; Dec. Dig. ⚖️23¾.]

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by W. C. Rutledge against Mrs. Lona Davenport. From judgment for plaintiff in the county court, declaring void a judgment for plaintiff by default in justice court, but rendering judgment for plaintiff on the merits, defendant appeals. Reversed and remanded, with instructions.

John T. Suggs and R. W. Stoddard, both of Denison, for appellant. James S. Kone, of Denison, for appellee.

HUFF, C. J. The appellee instituted suit against appellant in the justice court, precinct No. 2, Grayson county, upon an account for services rendered as a physician to the minor son of appellant, who was injured by a railroad. In this suit service was had by publication, the appellant being a nonresident of the state. A writ of garnishment was sued out, against a national bank of Denison, who had on deposit funds belonging to appellant. She was sued and cited as Laura Davenport. Her name is Lona Davenport. The bank answered it had no funds belonging to Laura Davenport. The justice court, however, rendered judgment against the bank on its plea, and also at the first term after publication rendered judgment against the appellant in the original

cause by default. There are several defects in the record shown in obtaining process, which were alleged and set out. Under the judgment against the bank in the garnishment the appellee collected from it the amount sued for as due him, and the costs, amounting to $199.40. In that suit, about six months after judgment, and under article 2026, R. C. S., appellant filed a bill of review and sought therein a recovery of the sum so collected by appellee. The trial court finds that the judgment was void, and proceeded to hear and determine the question whether appellant had a valid defense to the alleged cause of action of appeal, and determined that she had no defense, and rendered judgment that she was not entitled to recover anything by reason of the appropriation of the sum obtained from the bank upon the judgment and costs.

[1] The appellee files a cross-assignment, asserting that the trial court erred in holding the judgment and proceeding void, because it is shown that the appellant had actual notice of the pendency of the suit. Whether the court was correct or not in holding the judgment void, we think he was correct in holding that appellant had the right to file her bill of review under the statute and to be heard upon the merits.

[2, 3] The appellant was not required to answer until the second term of the court after the required publication. The case should have been continued to perfect service. If this was a jurisdictional matter, the judgment would be void. Harris v. Hill, 54 Tex. Civ. App. 437, 117 S. W. 907; Insurance Co. v. Milliken, 64 Tex. 46. Whether void or voidable, a judgment so obtained would ordinarily be set aside upon appeal. Article 2330, R. C. S.; Irion v. Bexar County, 26 Tex. Civ. App. 527, 63 S. W. 550. The process giving the name of appellant erroneously would also reverse the case. Railway Co. v. Bloch Bros., 84 Tex. 21, 19 S. W. 300.

[4] Upon service by publication, under article 2026, the defendant has two years in which to file a bill of review and obtain a new trial. The remedy given thereby is cumulative, or an additional remedy to an appeal, and peculiar to suits by publication. Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723.

[5] The statutes relating to citation by publication are not liberally interpreted, but strictly construed, and a strict compliance with the essential requirements of the statute is required. Authorities supra; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682. In the case of Oden v. Vaughn, 34 Tex. Civ. App. 115, 77 S. W. 967, a default judgment, rendered before the time defendant was commanded to appear and answer, was held absolutely void. In Lash v. Warren (Sup.) 14 S. W. 694, a judgment was held erroneous entered the day after acceptance of service. Railway Co. v. Eastham, 54 S. W. 648.

[6] Under the statute, the appellant had until the first day of the succeeding term to answer. The judgment was therefore improperly entered at the first term; in other words, there was no proper service had, and it has long been the rule that the defendant has the right to vacate the judgment when there was no service, even though the facts might warrant another judgment. Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863; Fowler v. Morrill, 8 Tex. 153.

[7] Appellee contends in this case that the appellant had actual notice of this suit and therefore a bill of review would not lie. Courts acquire jurisdiction over the person of defendant by service of process in the manner provided by law. Service may be waived by express stipulation in writing or by voluntary appearance of the party, either in person or by attorney. "But we know of no authority for holding in any case that actual knowledge of the existence of a suit or the issue of a writ will supply the want of service." Harrell v. Mexico Cattle Co., supra. It appears from the facts in this case, after appellant removed from Texas to Tennessee, appellee instituted his suit against her by publication. The appellant, on a visit to Denison, was informed by the justice of the peace that such suit was pending in his court. There was no appearance made or entered, as required by statute, on the part of appellant.

Appellee cites Roller v. Ried, 24 S. W. 655, as authority that notice of the pendency of the suit was sufficient, or at least deprived her of the right to file a bill of review. We think appellee misconstrues the scope of that case. There was personal service by a notice upon nonresidents had in that case, and no question is made but that judgment could properly be rendered upon such notice at the time it was rendered; the court simply holding, as we understand it, that in that character of case, where notice was had, a bill of review would not lie. Even should that case hold what appellee contends, it would not apply in this case, for the reason that here the judgment was rendered when the statute did not authorize it. The appellant is only required to answer at the term at which the law fixed, and until that term no valid judgment could be rendered. The trial court properly held appellant was entitled to file her bill of review and to have a hearing upon the merits of the claim.

[8-10] By virtue of the illegal judgment, Rutledge procured and appropriated the sum of money sued for, which is alleged to be, and the court finds, was the separate property of the wife. In the court's finding of facts, he finds only that Mrs. Davenport acquiesced and consented for Dr. Rutledge to treat her minor son, who was injured, and further finds thereafter she verbally agreed to pay the bill. The funds here sued for by her the trial court finds was her separate

property. At the time of the alleged service her husband was alive, and he and appellant were living together as husband and wife. The child was their offspring and a minor, living with them, when the services were rendered. In order to make the wife personally responsible for the services, she must have entered into a contract with the appellee for services rendered necessary to her child. If there was no such contract, and she only acquiesced or consented for the doctor to treat the child, this would not bind her personally or make her separate property liable. "In order to hold the wife liable for necessaries furnished herself or children, the debt should be contracted by her personally or by some one acting under her authority. Such seems to be the intention of our statute and has been the annunciation of our courts." Speer's Law of Marital Rights, § 154, and authorities in note 19; Menard v. Schneider, 48 S. W. 761. It is not sufficient that she merely give an order or call in a physician, for in such case the presumption is that she does so as the agent of her husband, whose duty it is to supply such things. Id. After the services were rendered a mere verbal promise on her part to pay would not render her separate estate liable for the debt of the community. She would not be bound personally for the default of her husband by such verbal promise to pay his debt. Flannery v. Chidgey, 33 Tex. Civ. App. 638, 77 S. W. 1034. If the testimony of such verbal promise was admissible at all, it was only admissible as a circumstance on the question whether she contracted for such services in the first instance. A liability cannot be founded against her upon such verbal promise, made after the debt accrued, and if the court's judgment is based on such promise it is erroneous and without legal testimony. Her mere acquiescence or consent for the doctor to treat her child will not support the judgment.

This case will be reversed, with instructions, if the facts, upon another trial, only establish such acquiescence or consent, to render judgment for appellant for the sum shown to have been appropriated.

Reversed and remanded.