## TURNER v. MAURY. (No. 9257.)

(Court of Civil Appeals of Texas. Ft. Worth. April 10, 1920.)

**1. New trial ⬀103—Newly discovered evidence, material after answer is amended, entitles defendant to a new trial.**

Newly discovered evidence as to the foreclosure proceedings on which plaintiff's title was based, accompanied by a proof of due diligence, entitles defendant to a new trial, though his answer did not contain any allegation under which the newly discovered evidence could be based, where it reasonably appeared that he intended, after a new trial was granted, to make such evidence available by proper pleadings.

**2. Process ⬀92—Unverified petition, not accompanied by affidavit, does not authorize service by publication.**

An unverified petition for the foreclosure of a lien for street improvements, not accompanied by an affidavit, does not authorize service of unknown owners of the property by publication, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1874, as amended by Acts 1917, c. 13 (Vernon's Ann. Civ. St. Supp. 1918, art. 1874), which requires an affidavit that the parties' residence is unknown.

**3. Process ⬀138—Return of citations served by publication held insufficient.**

Where there were two citations in the record, but it did not appear, either in the officer's return on the original citation nor in the certificate of the printer attached to the copy, in what county the citation was published, nor in the return that publication was made on the

date stated by the printer, the return was insufficient to confer jurisdiction on the court under Vernon's Sayles' Ann. Civ. St. 1914, art. 1878.

**4. Execution ⇐335—Omission of name of defendant's attorneys from return to order of sale is fatal.**

Omission from the sheriff's return to an order of sale of the name of defendant's attorneys on whom the order was served, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3757, renders the return defective.

**5. Judgment ⇐486(1)—Person not party may attack judgment collaterally for any defect.**

The rule that every reasonable presumption is indulged to support the judgment in the case of a collateral attack by a party does not apply to a collateral attack by a stranger, who may make such attack on the judgment on any ground which could be urged against it on direct attack.

**6. Judgment ⇐494—Resident cotenant, not served, can attack collaterally decree foreclosing lien for defects in service on cotenants.**

In trespass to try title to recover land sold on foreclosure of a lien for street improvements after service on unknown owners by publication, a resident owner of an interest in land, who was not served, can attack the decree of foreclosure for defects in the service on his cotenants, so that he is entitled to a new trial for newly discovered evidence as to such defects, though his interest was excepted from the judgment for plaintiff.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Trespass to try title by George P. Maury against E. S. Turner. From a judgment in plaintiff's favor for all except defendant's interest in property, defendant appeals. Reversed and remanded for another trial.

S. D. Goswick, of Mineral Wells, for appellant.

Ritchie & Ranspot, of Mineral Wells, for appellee.

DUNKLIN, J. George P. Maury instituted this suit in trespass to try title against E. S. Turner, to recover a lot of land in the city of Mineral Wells, and from a judgment in plaintiff's favor, an undivided $230/_{240}$ interest in the property, and decreeing the title of the remainder in the defendant, Turner, and directing that the property be sold as under execution for the purpose of partition, defendant, Turner, has appealed.

Plaintiff's claim of title was predicated upon his purchase at sheriff's sale under a judgment foreclosing a lien for paving the street in front of the property; the lien being given under and by virtue of a charter of the city of Mineral Wells. The judgment foreclosing that lien was in favor of J. W. McFarland, the contractor who constructed

the pavement. McFarland's suit was against the "unknown owner" of the property, who was cited by publication only. E. S. Turner's deceased mother had owned a one-twentieth interest in the property, and had died leaving 12 children, who inherited her interest in equal portions. E. S. Turner resided in Mineral Wells at the time of the institution of that suit, and as the citation by publication was not legally effective against him, the court, upon the trial of the present suit, set apart his undivided interest in the property, which was $1/_{240}$ interest, and did not allow Maury any recovery therefor, of which judgment Maury had made no complaint here.

In his answer to the present suit, Turner pleaded that the judgment of foreclosure and sheriff's deed to Maury, made thereunder, were both void because of the fact that citation for the unknown owners in that suit was not published 28 days prior to the beginning of the term of court during which such foreclosure decree was rendered; defendant's contention being that such defective service of citation deprived the court of jurisdiction to render judgment of foreclosure. We overrule the assignment of error presenting that contention here, since by an examination of the calendar it clearly appears that citation was published for more than 28 days prior to the beginning of the term.

[1] After the rendition of the judgment in the present suit, the defendant, Turner, filed a motion for a new trial, in which, among other reasons, he alleged that subsequently to the rendition of the judgment he had come into possession of certified copies of plaintiff's petition, citation issued, and sheriff's return thereon, order of sale and return thereon, all of which was a part of the record in the prior foreclosure suit; that he and his counsel had made diligent effort to discover such evidence prior to the trial of the suit without success, and that as soon as he came into possession of such certified copies he presented the same in his motion for a new trial. The showing of diligence made in the motion is not controverted, and appears to be in all respects sufficient. While Turner's answer, filed before the trial, did not contain any allegation which would serve as a basis for the introduction of this newly discovered evidence, we think it may be reasonably implied that if a new trial was granted he would make such evidence available by proper pleadings. We are of the opinion that the court erred in overruling the motion upon the showing so made.

[2] Article 1874, V. S. Civ. Stats., as amended by Acts of the Legislature of 1917, page 23 (Vernon's Ann. Civ. St. Supp. 1918, art. 1874), which amendment was effective

at the time of the institution of the foreclosure suit, reads as follows:

"Where any party to the suit, his agent or attorney, shall make oath at the time of instituting the suit, or at any time during its progress, that the party defendant is a nonresident of the state, or that he is absent from the state, or that he is a transient person, or that his residence is unknown to the affiant, the clerk shall issue a citation for the defendant, addressed to the sheriff or any constable of the county in which the suit is pending. Such citation shall contain a brief statement of the cause of action, and shall command the officer to summon the defendant by making publication of the citation in some newspaper published in his county, if there be any newspaper published therein, but if not, then in any newspaper published in the judicial district where the suit is pending; but if there be no newspaper published in such judicial district, then it shall be published in the nearest district to the district where the suit is pending. Such citation shall be published once in each week for four consecutive weeks previous to the return day thereof."

The certified copy of the petition of plaintiff in the foreclosure suit shows that the only defendant named in the suit was the "unknown owner" of the property, and the same was not verified by the plaintiff, his agent or attorney; neither is there any showing of any affidavit by plaintiff or his attorney in any other document that the parties defendant were unknown so as to furnish the proper predicate for the issuance of citation by publication, and it appears that the citation was issued on the same day the petition was filed.

[3] Article 1878 of the statutes reads as follows:

"The return of the officer executing such citation shall be indorsed or attached to the same, and shall show when the citation was executed and the manner thereof, specifying the dates of such publication, shall be accompanied by a printed copy of such publication, and shall be signed by him officially."

There were apparently two citations in the record of the former suit, but issued the same day, although appellant's counsel treats the second as a copy accompanying the first, to be used for publication. The second citation (supposedly the copy furnished the newspaper) contains a statement of the nature of the cause of action set out in plaintiff's petition, but does not show any officer's return thereon, but attached thereto is the following certificate:

"To citation published in Index. August 4—11—18—25, in four issues, $11.50. This is to certify that citation No. 4699 was published in the Index on above dates.

"Index Printing Co., by William Cox."

The first, and supposedly the original, citation, in which the nature of the cause of action asserted by the plaintiff was omitted, shows the return thereon of the sheriff of Palo Pinto county. The return was evidently upon a printed blank, but none of the blanks were filled. The return reads as follows:

"Came to hand on the —— day of ——, A. D. 19—, at —— o'clock —— m., and executed the within citation by publishing the same in the ——, a newspaper published in the county of —— once in each week for four successive weeks previous to the return day hereof. Said publication was made respectively on the —— and —— days of ——, A. D. 19—, and a printed copy hereof is returned herewith.

"W. G. Abernathy, Sheriff Palo Pinto County.

"Fees—Serving citation, $11.50; Mil. 75; total, $12.25."

It thus appears that neither in the officer's return on the original citation, nor in the certificate of the printer attached to the copy, is there any showing in what county the citation was published; nor is there any statement in the return that the publication was in fact made on the respective dates stated in the certificate of the printer, and we think such failure of the return to comply with the statutory requirements rendered it insufficient to confer jurisdiction upon the court to render the judgment against the defendant sued as "unknown owner."

[4] Defendant also attached to his motion a certified copy of the sheriff's return on the order of sale issued on said judgment of foreclosure, and under and by virtue of which writ the sale to plaintiff Maury was made. That return was also defective, in that it failed to name the "defendant's attorney of record," to whom, according to the return of the officer, a written notice of such sale was mailed. See article 3757, V. S. Tex. Civ. Stats.

The trial judge filed findings of fact, which show findings that defendant Turner resided in the county of Palo Pinto, in which the suit was instituted, and in the city of Mineral Wells, when the street was paved and when the suit to foreclose the lien was filed, and had resided there for a number of years, and that he and his mother had been in actual possession of the property for a number of years; and when defendant ceased to actually occupy the house upon said property, he left therein some household articles; that McFarland, the contractor who did the paving, and who was plaintiff in the foreclosure suit, "by the exercise of ordinary diligence would have known of the defendant's claim of his interest in the said property, and that defendant was not made a party to the foreclosure suit before mentioned." The court further found that on February 22, 1917, some six months prior to the institution of the foreclosure suit, the property was redeemed for taxes for five years prior thereto, and the evidence conclusively shows that such payment of taxes was by defendant Turner. And, presumably

for the reason that defendant Turner was not a party to the former suit, the trial court held that his undivided interest was not affected by the judgment of foreclosure and the sale thereunder to plaintiff Maury.

[5] It is a familiar rule that in the case of a collateral attack upon a judgment by a party thereto every reasonable presumption is indulged to support the judgment. Treadway v. Eastburn, 57 Tex. 211; Hardy v. Beaty, 84 Tex. 567, 19 S. W. 778, 31 Am. St. Rep. 80. But it is equally as well settled that that rule has no application when the judgment is invoked against one not a party to the suit in which it was rendered, and that such a stranger may attack it on any ground which can be urged in a direct attack. Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Sanger Bros. v. Trammell & Co., 66 Tex. 361, 1 S. W. 378; Blankenship v. Wartelsky, 6 S. W. 140; Bonner v. Ogilvie, 24 Tex. Civ. App. 237, 58 S. W. 1027.

[6] And as Turner, appellant in this suit, was a stranger to the decree of foreclosure and a tenant in common, entitled to possession of the property in its entirety as against strangers to the title, he has the right to attack that judgment by showing that the court never acquired jurisdiction over his cotenants, cited as "unknown owner," by reason of a failure to comply with the statutory requirements with respect to service of process, which must be strictly followed. Gibson v. Oppenheimer, 154 S. W. 694; Netzorg v. Green, 26 Tex. Civ. App. 119, 62 S. W. 789; Edrington v. Allsbrooks, 21 Tex. 186; Harris v. Hill, 54 Tex. Civ. App. 437, 117 S. W. 907.

Article 7696 of our statutes reads as follows:

"Where lands are sold under the provisions of this chapter, the owner, or any one having an interest therein, shall have the right to redeem said land, or his interest therein, within two years from the date of said sale upon the payment of double the amount paid for the land."

Upon the trial, defendant Turner tendered Maury double the amount he had paid at the sale under the foreclosure, and claimed the right to redeem any title so purchased, having already pleaded such tender, but the offer to redeem was refused by Maury, and Turner's right to redeem was denied by the court. Turner did not show any authority from his cotenants to redeem. Whether or not the special assessment for paving the street was a tax within the contemplation of that and other articles of chapter 15, title 126, of our statutes, and, assuming the validity of the foreclosure, whether or not, without being authorized by such cotenants, Turner, as a tenant in common, had the right to redeem for them, are questions we shall not attempt to decide, and do not decide because we deem a decision thereof unnecessary

in view of the fact that the certified copies of service of process, mentioned above, seem to show conclusively that such service was wholly insufficient to confer jurisdiction over Turner's cotenants, and hence, as to Turner, and all other owners, was void.

For the error in overruling appellant's motion for a new trial, the judgment of the trial court is reversed, and the cause is remanded for another trial.