### TURNER et al. v. McFARLAND et al.
### (No. 9563.)

(Court of Civil Appeals of Texas. Fort Worth. April 16, 1921. Rehearing Denied May 14, 1921.)

1. Process ⬥=138—Service on unknown owners cited by publication in proceedings to foreclose street improvement lien held insufficient.

Where sheriff's return in proceedings to foreclose street improvement lien consisted of his signature to blank form, which failed to show the newspaper or the county or state in which citation was published, or dates of publication, and where the citation on which the return was made was only the skeleton of a citation, and omitted any statement of the cause of action, or other recitals required to be shown in such a citation, and where the return stated that a copy of the publication was made a part thereof and that it was published in a particular paper, but failed to state in what county or state the publication was made, the service was insufficient to confer jurisdiction on unknown owners cited by publication.

2. Judgment ⬥=461(1)—Presumptions in favor of validity of judgment do not control in a suit directly attacking judgment.

The usual presumptions indulged in favor of the validity of a judgment in case of collateral attack by a party who was made a party defendant to the former suit do not control in a suit which is a direct attack on the judgment.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by E. S. Turner and others against J. W. McFarland and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded, with directions.

S. D. Goswick, of Mineral Wells, for appellants.

Ritchie & Ranspot, of Mineral Wells, for appellees.

DUNKLIN, J. E. S. Turner and others, claiming to be the owners of a lot of land situated in the city of Mineral Wells, instituted this suit to set aside a judgment foreclosing a lien on the property, created by reason of certain improvements which were made on the street upon which the lot abutted. The judgment sought to be annulled was rendered in a suit instituted by J. W. McFarland against the "unknown owners" of the property. McFarland, the plaintiff in that suit, had done the work upon the street, and had fixed a lien upon the property in controversy, in accordance with the requirements of the charter of the city of Mineral Wells, and the validity of which lien and the amount claimed to be due for the street improvements made by him were not questioned in the present suit. An order of sale was issued under the judgment of foreclosure and by virtue of that writ the property was sold to satisfy the judgment, and no question is made as to the regularity of that sale. The amount of the judgment in the foreclosure suit, plus interest, costs, and attorney's fees, aggregated $93.63, and the sale under the foreclosure was for $100; George P. Maury being the purchaser.

J. W. McFarland, plaintiff in that suit, and George P. Maury, purchaser of the property, were made defendants in the present suit. This case is a companion to the case of Turner v. Maury, reported in 224 S. W. 255. Both suits were predicated upon the same judgment of foreclosure and they involved the same property as now in controversy. The former suit was instituted by George P. Maury, as a purchaser under that foreclosure, in trespass to try title, while the present suit was instituted by the owners of the property prior to the foreclosure, to set aside that judgment of foreclosure. The proof of service in the foreclosure suit which was made in the present suit was the same as that shown in the opinion disposing of the former appeal, referred to above.

[1] That service was insufficient to confer jurisdiction upon the unknown owners, who were cited by publication. The sheriff's return consisted of his signature to a blank form, which failed to show in what newspaper or in what county or state the citation was published, or how often or on what dates the same was published; nor did the certificate of the printer, attached to the copy of citation, stating that the same was published, show in what county or state the publication was made. Furthermore, the citation upon which the sheriff's return was made, and supposedly the original citation, was only the skeleton of a citation and omitted any statement of the cause of action or other recitals required to be shown in a citation of that kind, and, according to the sheriff's return, that was the citation which was published, although the return also contained the statement that a printed copy of the publication was made a part of his return, evidently referring to the copy to which was attached the printer's certificate, stating that it was published in the Index.

---

⬥=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but failed to state in what county or state the publication was made.

[2] This suit was a direct and not a collateral attack upon the judgment, and the usual presumptions indulged in favor of the validity of a judgment in case of collateral attack, by a party who was made a party defendant to the former suit, do not control in the present suit. In view of the fact that the service of citation shown above was the only service made in the former suit, upon which the judgment of foreclosure was based, the trial court erred in not vacating that judgment of foreclosure. The statute also requires an affidavit for service of citation by publication as a predicate for the issuance of such process, and one of the allegations in plaintiffs' petition in the present suit was that such affidavit was not filed with the clerk. There was proof tending to sustain that allegation, but there was also proof tending to show the contrary, and this court would not be warranted in concluding that the court erred in overruling that contention. However, as the proof conclusively shows a failure of service of citation, as noted above, and since a compliance with the statutory requirements of service by publication against the unknown owners was necessary to confer jurisdiction to decree the foreclosure, the judgment of foreclosure and sale thereunder were without legal effect.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for further proceedings, not inconsistent with this decision. In this connection we will add that plaintiffs in the present suit made no attack upon the validity of the lien for paving, which lien was foreclosed in the former judgment, and in the absence of such an attack, even though the former judgment is set aside, no reason appears why there should not now be a proper judgment of foreclosure of the same lien and the property ordered sold thereunder, unless the plaintiffs in the present suit shall tender into court the full amount justly due for such paving, and perform any other acts which equity would require of them under any circumstances which may be shown.

Reversed and remanded.