**PARKER et al. v. SCOBEE et al.**
No. 1021.

Court of Civil Appeals of Texas. Waco.
Feb. 26, 1931.

John Abney, of Hillsboro, for appellants.

J. Fred Rose, of Whitney, for appellees.

ALEXANDER, J.

This was a suit brought in the district court of Hill county by Myrtle Scobee and others against Mollie Parker and others for the partition of certain land in Hill county. Judgment was for the plaintiffs for the partition of the land. Mollie Parker and her husband, A. B. Parker, and Cora Darnell, three of the named defendants, have appealed.

The petition named as defendants, among others, "the child or children of Will Darnell, deceased, and the child or children of Lena Heath, deceased, whose names and residences are unknown to plaintiffs." The citation by publication described the defendants in like manner. These defendants did not make their personal appearance, but were represented by an attorney appointed by the court for that purpose. The judgment of the court adjudged to the children of Will Darnell, deceased, and the children of Lena Heath, deceased, an interest in the property. The court in its findings of fact did not find whether Will Darnell or Lena Heath had any children, nor, if such children ever existed, whether they were living or dead.

Revised Statutes, article 2040, provides that where property in this state has accrued to the heirs as such of any deceased person, any party having a cause of action against them relative to such property, if their names be unknown to him, may bring an action against them, their heirs or legal representatives, "describing them as the heirs of such named ancestor." Upon the making of proper affidavit citation may be had by publication. Revised Statutes, article 6085, provides that if the plaintiff, his agent or attorney, at the commencement of any suit or during the progress thereof for the partition of land, shall make affidavit that an undivided portion of the land described in the plaintiff's petition in said suit "is owned by some

person *unknown to affiant,*" the service of citation may be had by publication.

In the case at bar the plaintiffs did not comply with the provisions of article 6085 by alleging that the property was owned by some person unknown to the plaintiffs, but on the contrary alleged that an interest in the property belonged to the children of Will Darnell, deceased, and the children of Lena Heath, deceased. Neither did the plaintiffs comply with the provisions of article 2040 by bringing the suit against the unknown heirs of Will Darnell, deceased, and Lena Heath, deceased. The names of the children were not given in the petition as is required for citation by publication against a defendant whose residence is unknown, as is required by article 2039.

■■ Citation by publication was unknown to the common law. It derives its authority solely from the statutes. Since statutes authorizing citation by publication are in derogation of the common law, they are to be strictly construed, and only those persons who plainly come within the terms of the statutes may be served with process by publication. 50 C. J. 499. In 50 C. J. 498, it is said:

"Every step required to be taken by the statute is essential to the validity of the service and if any of the steps necessary to secure it are omitted, the court will not obtain jurisdiction over defendant to render judgment; and this is so, although defendant may have had actual notice. Furthermore, the method provided by statute for acquiring jurisdiction by constructive service must not only be strictly followed, but must be followed to the exclusion of any other method not also clearly provided."

See also Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959; Davenport v. Rutledge (Tex. Civ. App.) 187 S. W. 988; Harris v. Hill, 54 Tex. Civ. App. 437, 117 S. W. 907.

■■ As was said by the Supreme Court in Edrington v. Allsbrooks, 21 Tex. 189: "Notice by publication is, at best, but a miserable substitute for personal service." Where the statute provides for such service, the method provided therein admits of no substitute. We know of no statute that authorizes citation by publication against "the child or children" of a deceased person. Since the heirs of Will Darnell, deceased, and Lena Heath, deceased, owned an interest in the property, they were necessary parties to the suit and a judgment against them without proper service was void. Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Hess v. Webb (Tex. Civ. App.) 113 S. W. 618.

■ The distinction between "the unknown heirs" as a party defendant and "the child or children" as defendants is well illustrated in this case. The property in question formerly belonged to J. Y. Darnell and wife, both of whom are now deceased. Lena Heath, deceased, was a daughter of J. Y. Darnell and wife. If she survived her parents and died leaving a husband surviving her, he would have inherited an interest in the land. A citation against the unknown heirs of Lena Heath, deceased, or against an unknown owner, would have been sufficient to bind him, because he was an owner of an interest in the land and would have been an heir of Lena Heath, deceased; whereas, a citation against the child or children of Lena Heath, deceased, would not have been sufficient against him, because he was not a child of Lena Heath. Gibson v. Oppenheimer (Tex. Civ. App.) 154 S. W. 694, 697. Moreover, there is nothing in the findings of fact as filed by the court to show that the child or children of Will Darnell, deceased, and of Lena Heath, deceased, are still living. If such child survived its parent and died leaving children surviving it, then such children would be necessary parties, but would not be required to answer under the citation issued in this case. The failure to make the necessary parties defendant and to obtain proper service of process is fundamental error apparent of record and requires a reversal of the case.

■ Among the defendants in the case was one Ella Kennedy. Plaintiffs' petition complained of "Mrs. Ella Kennedy, a married woman, wife of Henry Kennedy." It is apparent from plaintiffs' petition that Mrs. Kennedy was a married woman, and her husband was therefore a necessary party to the suit. Revised Statutes, article 1985; Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050; Lopez v. Mexico-Texas Petroleum Co. (Tex. Civ. App.) 281 S. W. 326; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522. The only reference to Henry Kennedy was in the above allegation. We do not think that this was sufficient to make him a party to the suit. The statement, "a married woman wife of Henry Kennedy," was merely descriptive of Mrs. Ella Kennedy. It served merely to distinguish her from any other person of the same name. 47 C. J. 177. The residence of Mrs. Ella Kennedy was alleged to be unknown and citation was had on her by publication. The attorney who made the affidavit for citation by publication did not mention Henry Kennedy as one of the defendants and did not allege that his residence was unknown, although the citation commanded him, as one of the defendants, to answer the suit. He did not make his personal appearance in the case. The petition was fatally defective for failure to make Henry Kennedy a party defendant to the suit. Moreover, if it was intended to make Henry Kennedy a party to the suit, the judgment of the court failed to dispose of his interest as a party defendant.

■ On account of the errors herein pointed out, the trial court was without jurisdiction

to try the case. The judgment of the trial court is therefore reversed, and the cause is remanded for a new trial.