SNEED et al. v. BOX.

No. 14463.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 11, 1942.

W. H. Penix, of Mineral Wells, for plaintiffs in error.

John W. Moore, of Jacksboro, for defendant in error.

SPEER, Justice.

This is an appeal by writ of error from a judgment rendered in the County Court of Jack County, Texas.

The judgment from which relief is sought shows that neither of the plaintiffs in error was present at the time the case was tried.

J. M. Box, by petition filed September 24, 1940, sued J. B. Sneed, J. B. Sneed and Company, a corporation, and Oxsheer Smith, in County Court of Jack County, alleging that the residence of J. B. Sneed and the office of J. B. Sneed and Company were in Dallas County, Texas, and that Smith resided in Milam County; that the named defendants were partners in the business of operating for oil in Jack County; that at the instance of a named agent of defendants, plaintiff loaned them certain described machinery and equipment; that request had been made for the return of said property but was refused, and that defendants had converted all of it to their own use and benefit. Value of the property was alleged to be $598; judgment was sought for that amount against defendants, jointly and severally.

Process was duly served on all defendants, commanding them to appear and answer on October 7, 1940. Defendant Smith filed a plea of privilege seeking to

change the venue from Jack County to his home county, Milam. Plaintiff Box filed a controverting plea thereto, and the court entered a notation thereon as follows: "The hearing of said plea is set for October 19, 1940, at 10 A.M. County Court Room, Jack County, Texas." Notice was issued by the county clerk to Smith, containing a copy of the controverting affidavit, which notice stated that hearing on the plea of privilege was set by the court for October 24, 1940, at 10 a.m. in the county court room of Jack County, Texas. This notice was served on Smith's attorney on October 9, 1940.

Record shows a judgment overruling the plea of privilege, beginning with these words: "This the 19th day of October, 1940 * * * and after the notation of the time for a hearing on the controverting plea filed herein by J. M. Box, and service of notice by process and a copy of said plea", etc. The order recites that plaintiff appeared but that Smith came not, and that after hearing the pleadings, evidence and argument, court concluded the plea of privilege should be overruled. While the order bore the date above shown, for some unexplained reason the record shows it was "filed" on December 3, 1941, the same date on which judgment was filed in the case on the merits.

At the time Smith filed his plea of privilege, he also filed, subject thereto, his answer. Neither of the other defendants ever filed any pleadings prior or subsequent to the entry of the above order.

More than a year later, on December 2, 1941, judgment was entered for plaintiff Box for the amount sued for against all defendants jointly and severally. The judgment recites that Smith had answered but failed to appear at the trial and that the other two defendants wholly made default.

On May 26, 1942, Oxsheer Smith, J. B. Sneed and the corporation, J. B. Sneed and Company, as plaintiffs in error, to whom, for convenience, we will refer as appellants, filed their petition and bond for writ of error to the judgment entered on December 2, 1941, and had service made thereof on said J. M. Box, to whom we shall refer as appellee. The petition asserts that appellants were not present and did not participate at the trial when the judgment was rendered, and knew nothing of its entry until April 22, 1942, and therefore had no opportunity to move to set it aside during the term at which it was rendered.

Both in the petition for writ and in their briefs, by pertinent points, appellants assert that, for many reasons, the judgment of October 19, 1940, overruling the plea of privilege and the judgment on the merits, of December 2, 1941, are void. Appellee has filed no briefs, hence we do not have the benefit of his views on the points raised.

Points Nos. 10 and 11 challenge the validity of the judgment rendered against appellants on December 2, 1941, purportedly disposing of the merits of the case upon the ground that the plea of privilege theretofore filed by appellant Smith had not been disposed of by a valid judgment. It is now the settled rule of law in this state that a party is entitled to have the question of venue determined before being compelled to try the case on its merits. He could agree, however, to having both tried at the same time. He could also waive his claim of venue, but is required to do neither. A party claiming his privilege to be sued in the county of his residence is entitled to have the issue tried and a final judgment rendered thereon before trial on the merits. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233.

It follows that if the order entered on October 19, 1940, overruling Smith's plea of privilege, was void, that issue has not been disposed of by the court, and consequently any subsequent judgment on the merits was without authority of law.

Points 1 to 6, and 8 allege error in the court's entry of the judgment overruling the plea of privilege because: (a) the notation on the controverting affidavit set a hearing thereon within less than 10 days after service of notice thereof on Smith; (b) process was issued on the setting for October 19th, served on Smith on October 9th, in which he was notified the hearing would be on October 24th; (c) the hearing was in fact had on October 19th, within less than ten days after service and five days before the time notice advised Smith it would be held; and (d) no notice of any kind of the setting was ever served on Smith's codefendants, J. B. Sneed and the corporation, Sneed and Company. The points so raised are supported by the record.

At the times involved here, the statutory provisions as they then existed controlled

the rights of the parties. When controverting affidavit to a plea of privilege has been timely filed, as in this case, Art. 2008, R.C.S., provides, among other things, that the court shall make a notation on the instrument setting a date for hearing and unless the parties agree upon a date, notice thereof shall be served on "each defendant" or his attorney of record for at least ten days, exclusive of the day of service and the date of hearing. No hearing on the issues so made can be legally heard and determined until those provisions have been complied with.

The court made the notation on the controverting affidavit that a hearing was set for October 19th, and in fact heard it then, but Smith was served with the notice on October 9th, and the date set was not ten full days after such service. The statute provides that this cannot be done. The required notice being statutory, its fulfillment is necessary to confer jurisdiction on the court to act, and without a waiver of such service the court is without authority to hear and overrule the plea. Doak et ux. v. Biggs, Tex.Civ.App., 235 S.W. 957.

Again, the notice served on Smith showed the hearing was set for October 24th. The judgment of October 19th was improvidently entered when viewed from either standpoint. That is, it was entered in less than ten days after service of notice, in violation of Art. 2008, as well also five days before the time set in the notice served on Smith. It is academic that a judgment rendered before appearance day, upon which a party is required to appear, is void, unless parties appear and agree upon an earlier hearing. This rule is announced in Davenport v. Rutledge, Tex. Civ.App., 187 S.W. 988. While that case involved citation by publication, yet the principle is the same.

It will be noted from the language used in Art. 2008, supra, that notice of the setting shall be given to each defendant. It is not contended that the notice of setting the hearing on the plea was given to either J. B. Sneed or to the corporation defendant. This notice is jurisdictional with the court to hear and try the venue issue raised. Without jurisdiction the judgment entered in violation of these provisions was void. Scruggs v. Gribble, Tex.Civ.App., 41 S.W.2d 643; Tunstill et al. v. Scott, 138 Tex. 425, 160 S.W.2d 65, and cases cited.

Point 7 asserts that the controverting affidavit was insufficient to present an issue as against Smith's plea of privilege and was, in effect, no contest at all. It is short of full and complete allegations of the facts relied upon, but was sufficient, absent demurrers and exceptions thereto, to controvert the plea filed. The petition, the plea of privilege, as well as the controverting affidavit, may be amended, and doubtless will be upon another trial. Art. 2001 (now Rule No. 63, Texas Rules Civil Procedure); 43 Tex.Jur. 831, sect. 99; Landa Cotton Oil Co. v. Watkins, Tex. Civ.App., 255 S.W. 775; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333. However, in case of amendments, like original pleadings, where an allegation must be sworn to, they must be upon the oath of one who can and will swear that they are true and correct. If the petition should be amended it should, by apt language, be made a part of the controverting affidavit, unless the pleader prefers to replead his entire cause of action, showing the nature of his case and that the facts authorize venue in Jack County, Texas. All amended pleadings and trial procedure may be upon present Rules of Procedure. For these reasons we overrule point seven.

Upon the facts disclosed by this record and the authorities cited, we have concluded that the judgment from which the writ of error is prosecuted is void, because rendered at a time when the plea of privilege had not been legally determined, but by the court when it was without jurisdiction to render a judgment overruling it.

The judgment will therefore be reversed and the cause remanded with instructions that the court proceed again to set the plea of privilege hearing for trial, issue and have served the necessary notices thereon and determine that question, unless the parties shall agree to a hearing of the venue facts at the same time of trial on the merits. To render such judgment on the plea of privilege as the law and facts justify, and to make such disposition of the case on its merits as is required by law, based upon the result of the plea of privilege hearing. Reversed and remanded.