**Reba D. ROBERTS, Appellant,**

v.

**A. T. ROBERTS, Appellee.**

No. 5462.

Court of Civil Appeals of Texas, Waco.

June 19, 1975.

Rehearing Denied July 24, 1975.

Wynne & Wynne, Gordon R. Wynne, Wills Point, for appellant.

Levin, Weinberg & Levin, Shirley R. Levin, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This cause is before us on petition for writ of error to a default judgment for

divorce and property division rendered against petitioner.

Petitioner Reba Roberts filed suit for divorce and property division against A. T. Roberts on March 26, 1974. Mrs. Roberts' petition for divorce was signed by Honorable R. B. Pool of Terrell, Texas as attorney.

A. T. Roberts filed an answer on May 5, 1974. Mr. Roberts' answer was signed by Honorable Kurt Philipps of Kaufman as attorney.

On July 25, 1974, A. T. Roberts filed cross action against Reba Roberts for divorce and property division. Such cross action was signed by Honorable Kurt Philipps as Attorney for cross petitioner.

Service on such cross petition was issued by the District Clerk on July 25, 1974, to the Sheriff of Kaufman County. The Sheriff's return recites that service was executed at Terrell, Kaufman County "at 11:00 o'clock A.M. on the *6 day of August 1974*, by delivering to the within named Reba D. Roberts, in person a true copy of the citation together with the accompaning copy of the petition".

The record before us further reflects that Reba D. Roberts paid a jury fee in the cause on August 9, 1974.

On *August 27, 1974,* the trial court rendered default judgment for A. T. Roberts for divorce and property division on his cross action, reciting that "no jury having been demanded by either of the parties", and further that "Reba D. Roberts * * * although duly cited by personal service, did not appear."

On August 29, 1974, Reba D. Roberts filed a motion to set aside such judgment alleging that the case had been placed on the jury docket with jury fee paid, and further that Mr. Kurt Philipps attorney for A. T. Roberts had agreed with counsel for Reba D. Roberts for trial of the case on October 7, 1974; and that counsel for Reba D. Roberts did not learn that the divorce had been granted until August 28, 1974.

Such motion was sworn to by Reba Roberts and signed by Reba D. Roberts and also by Honorable W. H. Frank Barnes as attorney.

The above motion was never acted on by the trial court.

On February 3, 1975, Petitioner Reba D. Roberts filed petition for writ of error to the August 27, 1974, divorce judgment, alleging among other matters that A. T. Roberts died on November 16, 1974, "and left surviving as his sole and only surviving heir at law and by will, his daughter, Mrs. Willie (Donna) Esporza, 204 Sonett Drive, De Soto, Dallas County, Tex; that A. T. Roberts was represented by Honorable Kurt Philipps, who is one of the members of the firm of Morgan and Shumpert, whose address is Kaufman, Texas, 75142." Such petition further alleged that Honorable W. H. Barnes of Terrell, Texas was ill and incapacitated and had requested the firm of Wynne & Wynne, Wills Point, Texas to represent the petitioner. The petition for writ of error was signed by Honorable Gordon R. Wynne as attorney for petitioner.

Service on such petition for writ of error was perfected on both attorney Kurt Philipps at Kaufman, Texas, and Mrs. Willie Esporza at De Soto, Texas.

Petitioner asserts in her brief that the trial court erred in entering default judgment for divorce upon A. T. Roberts' cross action because: 1) The case was on the jury docket with jury fee paid by petitioners; 2) The record affirmatively showed that date of judgment was premature and prior to return date upon which petitioner was cited to appear and answer.

Mrs. Willie Esporza has filed motion to dismiss Petition for Writ of Error asserting 1) that Rule 360 Texas Rules of Civil Procedure requires that all parties adversely interested must be named in a Petition for Writ of Error; that her father A. T. Roberts is dead and left four surviving children and heirs; that only she Mrs. Esporza was cited; that the interest of all four heirs are adverse to petitioners; that Rule 360 is

mandatory and jurisdictional. 2) That petitioner participated in the trial.

We will first notice the motion to dismiss the Petition for Writ of Error. Such petition recites that divorce was granted to A. T. Roberts, that petitioner did not participate in the trial, that there is error in the judgment; that A. T. Roberts is dead; and that petitioner desires the judgment removed to the Court of Civil Appeals for revision and correction.

Rule 369a TRCP (effective December 31, 1943) provides that if a party in a cause dies after rendition of judgment, and before the cause has been finally disposed on appeal, that the appeal may be perfected to the Court of Civil Appeals or Supreme Court, and such Courts shall proceed to adjudicate such cause and render judgment as if all the parties were living, and such judgment shall have the same force and effect as if rendered in the lifetime of the parties thereto.

■ Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 429 expressly holds that Rule 369a is applicable to petition for writ of error as well as appeals where a party to a suit has died.

Since Rule 369a was promulgated (December 31, 1943), and after Rule 360 (which was promulgated September 1, 1941, and was a carry forward unchanged of Article 2257, Vernon's Ann.Civ.St.),[1] if any conflict exists, Rule 369a must control.

■ The fact that petitioner in addition to stating that A. T. Roberts was dead; that there was error in the judgment; and she wanted the judgment corrected; only partially recited who A. T. Roberts' heirs were, does not in our view, require a dismissal of the petition.

Petitioner did not participate in the trial and the trial court's judgment so reflects.

Respondent Esporza's motion to dismiss is overruled.

We revert to petitioner's contention that the trial court erred in rendering the default judgment against her where the record affirmatively showed that the date of trial and judgment was premature and prior to the return date upon which petitioner was cited to appear and answer.

As noted the Sheriff's return reflects that petitioner was served on August 6, 1974. Such Citation required petitioner to appear and answer to the cross petition *"on or before 10 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service hereof"*.

Petitioner was thus not required to answer until *September 2, 1974.*

■ A judgment rendered before appearance day upon which a party is required to appear and answer is erroneous and voidable. *O'Boyle v. Bevil,* 5th Cir., 259 F.2d 506, 512; *Sneed v. Box,* Tex.Civ.App., 166 S.W.2d 951, 954; *Andrus v. Andrus,* Tex. Civ.App., 168 S.W.2d 891; *Davenport v. Rutledge,* Tex.Civ.App., 187 S.W. 988, 989; *Oden v. Vaughn Grocery Co.,* 34 Tex.Civ. App. 115, 77 S.W. 967.

■ *O'Boyle, supra, Sneed, supra,* and *Oden, supra* hold such judgment void.

■ Petitioner not having been in default in appearing for answer could not have waived the right of trial by jury under Rule 220 TRCP. Rule 220 and *Gallagher v. Joyce,* Tex.Civ.App., 459 S.W.2d 221, 222 have no application where trial is held and judgment is rendered by default against a party, unknown to the party, and before appearance day upon which the party is required to answer.

Petitioner's points (and assertions) 1 and 2 are sustained.

Reversed and remanded.

---

1. See *Files v. Buie,* 131 Tex. 19, 112 S.W.2d 714; and *Files v. Buie,* Tex.Civ.App., 113 S.W.2d 698, for interpretation of Article 2257.