ODEN & COMPANY v. VAUGHN GROCERY COMPANY, LIMITED.

Decided December 21, 1903.

**1.—Citation—Judgment by Default.**

Citation commanded the defendant to appear and answer on the 9th of the month, and the case was called and judgment by default rendered, on the 5th. Such judgment held an absolute nullity.

**2.—Practice—Verified Account.**

The account authorized to be sued upon by the affidavit provided by article 2266 of the Revised Statutes, is the account for the value of personal property sold and delivered by plaintiff in a general course of dealing.

Error from the County Court of Panola. Tried below before Hon. J. G. Woolworth.

*H. N. Nelson,* for plaintiff in error.

PLEASANTS, ASSOCIATE JUSTICE.—Defendant in error brought this suit against Oden & Co. to recover an alleged indebtedness of $710.05 due upon an open account. Judgement by default was rendered in favor of plaintiff below on February 5, 1903, for the amount sued for. The citation upon which the judgment by default was rendered commanded the defendants to appear and answer on the second Monday in February, 1903, which was the 9th day of said month. It thus appears from the record that the judgment complained of was rendered four days before the time at which the citation served on the defendants commanded them to answer plaintiff's suit. To hold that a judgment by default rendered before the time the defendant was cited to appear and answer is binding upon such defendant would be in effect to deny him his day in court, and is abhorrent to every principle of enlightened jurisprudence, and it requires no citation of authority to sustain the proposition that a judgment so rendered can not be affirmed.

It is unnecessary to consider the questions raised by the other objections to the citation on which the judgment was rendered, presented in appellant's brief. The account sued on, which was attached to plaintiff's petition, does not appear to be an account for the value of personal property sold and delivered by plaintiff to defendant in a general course of dealing, and is therefore not such an account as can be proved by affidavit under article 2266 of the Revised Statutes. McCamant v. Batsell, 59 Texas, 363.

For the errors above mentioned the judgment of the court below is reversed and this cause is remanded for a new trial.

*Reversed and remanded.*