### BISHOP v. MOUNT.

(Court of Civil Appeals of Texas. Dallas. Dec. 14, 1912. Rehearing Denied Jan. 4, 1913.)

1. APPEAL AND ERROR (§ 500*)—QUESTIONS REVIEWABLE — RULINGS ON PLEADINGS — RECORD.

The sustaining of a general demurrer, or of a special exception to a pleading, is not reviewable on appeal, where the transcript contains no judgment or record entry showing the ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

2. COURTS (§ 169*)—JURISDICTION—AMOUNT IN CONTROVERSY—SET-OFF.

A defendant in the county court may not prove a set-off in an amount in excess of the jurisdiction of the court, since a plea of set-off is in effect a suit against plaintiff for the amount demanded.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 169.*]

3. PLEADING (§ 292*) — VERIFICATION — ACCOUNT—ITEMS CONSTITUTING.

An account in part for items due for salary under a contract, and in part for board, involves isolated transactions resting on special contract, and is not an account whereby the relation of debtor and creditor is created by a general course of dealing, and, though the account is sworn to, defendant need not deny the same under oath, as prescribed by Rev. Civ. St. 1911, art. 3712, in order to deny by parol its correctness.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 880; Dec. Dig. § 292.*]

4. PLEADING (§ 382*) — GENERAL DENIAL — EVIDENCE—ADMISSIBILITY.

In an action on an account involving isolated transactions resting on special contract, testimony of the incorrectness of items of the account is admissible under the general denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1280–1294; Dec. Dig. § 382.*]

Appeal from Rockwall County Court; H. M. Wade, Judge.

Action by A. H. Mount against W. C. Bishop. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

W. M. Jones, of Dallas, and I. J. Austin, of Rockwall, for appellant. E. D. Foree, of Rockwall, and A. H. Mount, of Royse City, for appellee.

RASBURY, J. Appellee sued appellant in the county court of Rockwall county on an account for $765.55. The account was owing by appellant to one F. L. Woodward, and was largely for board and personal service furnished by Woodward to appellant. The account was sold and assigned by Woodward to appellee, who filed suit thereon as indicated. Trial was by jury, and verdict and judgment were for appellee, and the case is here on assigned errors.

[1] The action of the county judge in sustaining a general demurrer to appellant's amended original answer, and in sustaining a special exception to his second amended original answer, is assigned as error. The record nowhere shows that the county judge did sustain the general demurrer and special exception referred to. Hence the rule announced in Daniel v. Daniel, 128 S. W. 469, that "the sustaining of special exceptions to a part of pleading cannot be revised on appeal where the transcript contains no judgment or record entry showing the ruling," applies. The reason of the rule quoted is fully stated in the case cited, and we content ourselves by a reference thereto.

[2] The court did not err in refusing to permit appellant to testify as complained of by the first assignment of error. Appellant pleaded an offset in the court below against appellee's account amounting to $1,230, and asked that said sum be set off against appellee's account to the full amount of same, and that appellant recover from appellee judgment for the difference between their said respective accounts. While it is not necessary, and while we do not desire to commit ourselves to the correctness or incorrectness of the reasons assigned by the county judge in refusing to permit the witness to testify as shown by the record at the same time, we do believe that the refusal to permit the witness to testify to his set-off was not error, for the reason that the set-off was for a sum in excess of the amount of which the county court has jurisdiction. The sum claimed as set-off was $1,230, and judgment was asked by appellant for the excess of his claim over against appellee. The plea of counterclaim or set-off was, in effect, a suit against appellee for $1,230, a sum which exceeds the jurisdiction of the county court. Const. art. 5, § 16; Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Smith v. Colquitt, 144 S. W. 690.

[3] During the trial and while appellant was on the stand in his own behalf, he was asked by his counsel if the first item in appellee's account for $25 was correct. Had he been permitted to do so, he would have answered it was incorrect. The court, however, refused to permit the witness to answer the question, giving as his reason that appellant had not sufficiently sworn to his answer to permit the introduction of the testimony. The account sued upon was not such an account as could be verified by affidavit so as to make same prima facie evidence of its correctness. It was in part for items due by appellant to Woodward under a contract by which appellant was to pay Woodward a certain salary for working in appellant's gin and mill, and in part for board bill due by appellant to Woodward, and were in no sense transactions "in which by sale upon the one side and purchase upon the other the relation of debtor and creditor is created by a general course of dealing," but was an isolated transaction resting upon special contract, and, although sworn to, it was not necessary for appellant to deny same under oath as prescribed by article 3712, R. S. 1911, in order to deny by oral testimony its correctness.

[4] The testimony was admissible under the general denial. McCamant v. Batsell, 59 Tex. 363; Oden & Co. v. Vaughn Groc. Co., 34 Tex. Civ. App. 115, 77 S. W. 967. Hence the court erred in excluding the testimony. The appellee, however, offers to remit the amount of this item, if in our opinion the court erred in excluding the testimony. Because of the offer to remit and since said item is the only one the witness testified was incorrect, we are of opinion that the

judgment should be reformed by reducing same to the amount of said item, and as reformed will be affirmed.

Reformed and affirmed.