WALL & CARR et al. v. J. M. RADFORD GROCERY CO. (No. 8151.)

(Court of Civil Appeals of Texas. Ft. Worth. April 10, 1915.)

1. ACCOUNT, ACTION ON ⬤➡11 — VERIFIED ACCOUNT AS PRIMA FACIE EVIDENCE—SUFFICIENCY OF ACCOUNT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, providing that when an action or defense is founded upon an open account, supported by affidavit, it shall be taken as prima facie evidence thereof, unless the party resisting it shall file a written denial, under oath, stating that the account is not true in whole or in part and, if in part only, stating the items which are unjust, where the first item in an account was for merchandise, but the rest of the items, with the exception of several charges of interest, without any statement showing upon what sums, for what period, or at what rate the interest was charged, consisted merely of dates and of amounts, without stating whether for merchandise sold or for a debt of some other character the account was not sufficient to support a default judgment.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 32–36; Dec. Dig. ⬤➡11.]

2. INTEREST ⬤➡34—AGREEMENTS AS TO INTEREST—NECESSITY OF WRITING.

To recover 10 per cent. interest on any item of an account and 10 per cent. attorneys' fees, it was necessary to prove an agreement in writing to pay such sums.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 71–74; Dec. Dig. ⬤➡34.]

3. INTEREST ⬤➡34—AGREEMENTS AS TO INTEREST—SUFFICIENCY OF EVIDENCE—VERIFIED ACCOUNTS—"OPEN ACCOUNT."

A verified account sued on, which contained charges of interest, did not tend to prove a written agreement to pay interest on the items of the account at the rate of 10 per cent., as the charges for interest were founded upon a definite contract, and were not a part of the "open account" contemplated by Vernon's Sayles' Ann. Civ. St. 1914, art. 3712.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 71–74; Dec. Dig. ⬤➡34.

For other definitions, see Words and Phrases, First and Second Series, Open Account.]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by the J. M. Radford Grocery Company against Wall & Carr and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Tom Lea, Jr., of El Paso, and Cunningham & Oliver, of Abilene, for appellants. Kirby & Davidson, of Abilene, for appellee.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

DUNKLIN, J. The J. M. Radford Grocery Company instituted this suit against J. M. Wall and H. D. Carr, composing the partnership firm of Wall & Carr, upon an account for merchandise alleged to have been sold to defendants, and, from a judgment by default in favor of the plaintiff, the defendants have appealed. A motion for new trial was filed by the defendants, which was overruled.

By several assignments of error appellants present the contention that the evidence introduced by plaintiff upon the trial of the case was insufficient to support the judgment.

[1] A statement of facts appears in the record, which shows that the only evidence offered to establish the amount of plaintiff's claim was an account to which was attached an affidavit in the form prescribed by article 3712, 3 Vernon's Sayles' Tex. Civ. Stat. That account was filed with the plaintiff's petition, and suit was based thereon. By the terms of the statute referred to, it is provided, substantially, that, when any action or defense is founded upon an open account verified in accordance with the requirements of that statute, the same shall be taken as prima facie evidence of the justness of the demand, which the defendant cannot controvert, in the absence of a written denial by him under oath stating that the account is not just, and, if unjust in part only, specifying the items which are unjust.

If the account in question was such an account as is contemplated by the statute, then there is no merit in the assignments now under discussion. There are some 40 items in the account, the first of which reads: "Feb. 19, 1913. To Mdse, $22.58." The rest of the items consist solely of dates, and of amounts without stating whether or not the amounts were for merchandise sold, save and except that seven items indicated charges for interest, without any statement showing upon what sums, or for what periods of time, nor for what rate of interest the charges were made. It is well settled by the authorities that accounts, within the meaning of the statute, contemplate statements showing the items for which the charges are made, and clearly the account introduced in evidence by the plaintiff falls far short of such a statement. Hickman v. Scudder-Gail Grocer Co., 62 S. W. 1081; Pittsburg Plate Glass Co. v. Roquemore, 88 S. W. 449; McCamant v. Batsell, 59 Tex. 363. Furthermore, it appears that the court allowed interest on the balance shown by the account in favor of the plaintiff at the rate of 10 per cent. per annum, and also 10 per cent. attorney's fees, under an allegation in the plaintiff's petition that defendants had entered into a written agreement with the plaintiff to pay interest at the rate of 10 per cent. per annum from the maturity of each invoice of goods sold and 10 per cent. attorney's fees upon all indebtedness placed in the hands of an attorney for collection. Presumably the interest

items shown in the account were computed at the rate of 10 per cent. per annum instead of 6 per cent., the maximum legal rate allowed, in the absence of some written agreement to pay more than that rate. As shown already, there was no proof of this alleged written agreement. In Oden & Co. v. Vaughn Grocery Co., 34 Tex. Civ. App. 115, 77 S. W. 967, it was held that an account which is not an "open account," within the meaning of the statute referred to above, although verified according to the provisions of that statute, would not furnish sufficient proof to sustain a judgment by default. In Brin v. Wachusetts Shirt Co., 43 S. W. 295, and Duer v. Endres, 1 White & W. Civ. Cas. Ct. App. § 323, it was held that an open account, not verified as provided by that statute, will not support a judgment by default.

[2, 3] Plaintiff's cause of action in chief was for the value of merchandise sold to defendants, but, save and except the first item, neither the account itself nor the affidavit attached thereto purported to show whether any of the items charged against defendants were for merchandise sold, for money loaned, or for indebtedness incurred by reason of transaction of some other character. In order to recover 10 per cent. interest on any item of the account and 10 per cent. attorney's fees, it was necessary to prove an agreement in writing by defendants to pay such sums. While such an agreement was alleged, none was offered in evidence, and clearly the account itself, although verified, neither purported nor legally tended to prove it. Those demands were founded upon a definite contract and could not come within the meaning of "open account," as used in the statute. Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., 95 S. W. 744; Bishop v. Mount, 152 S. W. 442. Failure of proof in the particulars mentioned above would require a reversal of the judgment, even though defendants had not made default, but had appeared and defended the suit, and for such lack of proof the judgment must be reversed.

The foregoing conclusion renders it unnecessary to determine the further questions whether or not, upon the hearing of the motion for new trial, defendants furnished sufficient evidence that, upon another trial, they could show a meritorious defense to plaintiff's cause of action, such defense being set out in the motion, and whether or not they furnished sufficient proof to excuse their failure to file an answer and their delay in filing a motion for new trial.

Appellee has filed cross-assignments of error, the sole purpose of which was to exclude from our consideration two bills of exception taken by the defendants upon the hearing of the motion for new trial, one of which relates to the exclusion of certain testimony offered by the defendants in support of the motion, and the other containing a showing that the account referred to above was the

only evidence offered upon the trial of the case. The statement of facts, which is agreed to by counsel for both parties, shows that the only evidence offered was the account, and, as our decision is not based upon the action of the court shown in the other bill of exception, a determination of the merits of the cross-assignments becomes immaterial.

For the reasons indicated, the judgment is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes