### MITCHELL–GREER CO. v. MITCHELL.
### (No. 10053.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 4, 1922.)

1. **Limitation of actions** ⊜⇒28(1)—**Suit to recover amount of overinventory held barred by two-year statute.**

Where a jeweler uniting with another to form a corporation inventoried as part of his stock goods amounting to $1,194, which were commission stock, and not his, which error was discovered and charged back to him on the corcorporation's books, but never paid, *held*, that an action thereon was a suit either for money had and received or for failure of title, either of which was barred by the two-year statute of limitations.

2. **Limitation of actions** ⊜⇒28(1)—**Suit against a corporation president to recover commissions earned by corporation and paid him held barred by two-year statute of limitations.**

Suit to recover trade commission paid a president of a jewelry corporation for goods sold by the corporation *held* a suit for debt against an agent for money had and received which might be barred by the two-year statute of limitations, rather than one on accounts between merchant and merchant or a suit to re-

form the accounting and settlement between the parties.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the Mitchell-Greer Company against J. E. Mitchell. From judgment of dismissal, plaintiff appeals. Affirmed.

W. B. Pinney and Cooke, Dedmon & Potter, all of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellee.

CONNER, C. J. Appellant thus states this case.

"This suit was filed April 18, 1917, by original petition to recover certain indebtedness claimed to be due the Mitchell-Greer Company, a corporation, by J. E. Mitchell, its former president. The plaintiff filed its first amended original petition September 26, 1921, and its second amended original petition September 27, 1921.

"To said second amended original petition the defendants interposed certain special exceptions, setting up the statute of limitations of two and four years against the cause of action alleged by the plaintiff. The court sustained the said special exceptions, setting up the statute of limitations of two years to the cause of action as pleaded by the plaintiff and dismissed the suit of the plaintiff, to which action and ruling of the court plaintiff took exception and gave notice of appeal to this honorable court, and thereafter, on September 29, 1921, filed its amended motion for a new trial in said cause which was by the court overruled on September 29, 1921, and thereafter plaintiff filed its appeal bond in due time, and on December 22, 1921, entered the record in said cause in this court, and now respectfully submits said cause to this honorable court on the errors committed in the court below and assigned in plaintiff's motion for a new trial which are presented as follows, to wit."

The plaintiff's second amended original petition is quite lengthy, and we will not undertake to set it out. We think it sufficient to say that it develops the fact that the defendant J. E. Mitchell, together with J. H. Greer, who severally owned stocks of jewelry, consolidated their interests, and, together with one R. J. Rhome, formed the corporation of the appellant company; that the stock of defendant Mitchell totaled a net value of $68,158.42, for which there was issued to him $60,000 in paid-up capital stock of the corporation; for the remainder, to wit, $8,158.42, the plaintiff corporation gave to Mitchell its note in the sum of $5,000, and credited him upon the books of the company with the sum of $3,158.42.

It was further alleged that at the time of the consolidation it was understood and agreed that the plaintiff corporation should receive all commissions which the defendant Mitchell might receive under the terms of

contracts with certain watchmakers and others for goods furnished and sold, and that during the conduct of the business Mitchell had on this account received from watch manufacturers and others the sum of $1,388.-17, which the defendant Mitchell had appropriated to his own use without accounting therefor to the corporation. It was further alleged that in the inventory of the defendant Mitchell's stock of goods he had included certain goods of the value of $1,194 that he did not own, but merely held on commission, and which were afterwards paid for by the corporation.

It was further alleged that Mitchell had been elected president of the corporation and had managed the business; that the fact that Mitchell had included within his inventory the goods on commission had not been discovered until in February, 1914, at which time the value thereof, to wit, $1,194, had been charged back to Mitchell on the books of the corporation; that the conversion of the commissions mentioned in the sum of $1,388.-17 had not been discovered until in November, 1914, at which time the defendant Mitchell severed his connection with the corporation, and for the aggregate of these two items, to wit, $2,582.17, plaintiff sought to recover.

In this state of the pleadings appellant presents the following propositions:

#### "First Proposition.

"The cause of action for $1,388.17 being founded upon collections by the defendant while he was president and managing agent of the plaintiff company and the $1,194 for unpaid stock subscription represents the balance upon mutual and current accounts between plaintiff and the said defendant concerning the trade of merchandise between merchant and merchant, their factors or agents, and the dealings thereon ceased November, 1914, and said suit was instituted April 18, 1917, and said cause of action was not barred.

#### "Second Proposition.

"The cause of action of plaintiff for $1,194, being evidenced by, or founded upon, a contract in writing, to wit, the defendant's subscription for the capital stock of the plaintiff company, which was payable under the law two years thereafter and was not due at least until the discovery by plaintiff of the fraud and deceit alleged in February, 1914, and said cause of action therefore was not barred until February, 1918, whereas the suit was instituted April 18, 1917.

#### "Third Proposition.

"Said suit is a suit in equity to reform the accounting and settlement had between the parties to correspond with the true facts, based upon the fraud and deceit of defendant, and the four-year statute of limitations applies thereto."

[1, 2] We conclude that the court did not err in sustaining the general and special exceptions to the petition. The original petition, made part of the record before us, contains allegations to the effect that after the inventory above mentioned had been taken the capital stock of the company had been reduced to $100,000, and there is no contention that any part of the capital stock subscribed for by the defendant Mitchell is unpaid, except it is insisted that the $1,194 at which the goods on commission was valued must be construed as an unpaid part of the written subscription of the defendant Mitchell, but we think this cannot properly be so construed. This error in the inventory was discovered in February, 1914, and there is no allegation that thereupon Mitchell was called upon to complete his subscription by the payment of a further sum. On the contrary, the matter was treated as an error in the inventory, and the amount charged to Mitchell on the books of the company.

Under the allegations of the petition at the time of the correction of the error—the wrongful inclusion of the commission goods in the inventory—Mitchell transferred to the company goods far in excess of the amount of his total subscription, for which excess the company gave its note for $5,000 and a credit on its books for $3,158.42. Attached to the plaintiff's petition is an account marked Exhibit A, consisting of items charged to and credited to the defendant Mitchell, extending from October 1, 1912, to November 30, 1914. The account as exhibited shows that on March 31, 1914, Mitchell was charged $1,194 as an "error in inventory, Cr. 10–1912," and the debits as a whole exceed the credits as a whole by only $1,194, which is stated as the "balance." It would thus seem to conclusively appear from the allegations as a whole that the item of $1,194 is but a mere balance of the account existing between the defendant Mitchell and the plaintiff corporation, and hence but a simple debt instead of an unpaid part of a written obligation. If so, the indebtedness and the cause of action arising therefrom certainly existed as early as November, 1914, at which time Mitchell severed his connection with the corporation.

We think the same must be said of the item of $1,388.17 of commissions alleged to have been wrongfully converted by the defendant Mitchell. The petition alleges that the fact of such misappropriation "was not discovered by the plaintiff company until some time in July, 1914, and immediately thereafter the plaintiff demanded the payment of said sum by the defendant." As we construe the allegation, this misappropriation but constituted a fraud, for which an action would be barred, under our laws, within two years, as is true also in cases of simple debt. We therefore conclude that both items of indebtedness for which plaintiff corporation sued were barred by limitation at the time of the institution of the suit in April, 1917. We

do not think this conclusion can be avoided on the ground that the indebtedness accrued as an unpaid balance upon mutual and current accounts between plaintiff and the said defendant concerning the trade of merchandise "between merchant and merchant, their factors or agents," which, under our laws, is not barred until four years after the cause of action shall have accrued. It is true that both Greer and Mitchell were merchants, but Mitchell, as president of the corporation, was but its agent, and the items with which he is charged, for the most part, consist merely of such items of credit and debit as generally arise between an ordinary employer and employé. It is true that the $1,194 item appears placed in the account of Mitchell-Greer Company, but this does not change the suit or character of the item so placed. Appellant's cause of action, based upon the item of $1,194, is, we think, either a suit for money had and received as a result of an error, or else a suit to recover for failure of title to part of the goöds sold. In so far as the suit is based on the item of $1,388.17, it seems a clear case of suit for debt against an agent for money had and received which he collected and wrongfully refused to pay over to his principal.

In McCamant v. Batsell, 59 Tex. 363, our Supreme Court said.

"As used in the statutes of this state, in act above referred to [referring to act relating to verified accounts], we believe that the word 'account' is used in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing, and that it does not mean one or more isolated transactions resting upon special contract."

See, also, Oden & Co. v. Vaughn Grocery Co., 34 Tex. Civ. App. 115, 77 S. W. 967.

Nor do we think this suit can be properly held to be a suit in equity to reform the accounting and settlement had between the parties to correspond with the true facts based upon fraud and deceit of defendant, for which an action would lie under the four-year statute of limitation. Under the allegations, the case made is not one where a mistake has been made in the general summing up of an account or where any item of indebtedness has been fraudulently concealed, but the case seems a simple one in which a mistake was made in an inventory, which mistake was corrected by a recharge in favor of the party thus injured, and where an agent of a corporation wrongfully appropriated to his own use resources for which he should have accounted to his principal; both mistake and misappropriation having been discovered more than two years prior to the institution of the suit, and therefore clearly barred under our statute of limitation.

We conclude that all assignments of error should be overruled, and the judgment affirmed.