## GOODNER WHOLESALE GROCER CO. v. BELLOMY et al. (No. 11641.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 20, 1926.)

**1. Partnership ⚖═44—Where there was no proof that partnership sued existed, case against alleged partnership failed.**

Where plaintiff's suit in part was specifically against partnership of Bellomy & Sons & Lloyd, and there was no proof whatever that there was any such partnership, or that defendants were members thereof, case failed as against that alleged firm.

**2. Partnership ⚖═296(1)—Where defendant partnership's answer in suit for balance due on account alleged that partnership was dissolved on certain date, plaintiff was entitled to judgment for balance due on that date.**

In action against partnership for balance due on account, where defendant's answer alleged that partnership had been dissolved on certain date, and other defendants had bought partnership out, plaintiff was entitled to judgment against partnership for balance due on date of dissolution of partnership.

**3. Partnership ⚖═296(1)—Partners could not be held individually liable for balance due on partnership account, where not sued individually.**

In suit against partnership for balance due on account, in which defendants alleged that partnership had been dissolved and business sold, partners could not be held individually liable, where not sued individually.

**4. Partnership ⚖═296(3)—Evidence held to show that one dealing with partnership had notice of its dissolution.**

In action to recover balance due on account from partnership, evidence *held* to show that plaintiff had notice of dissolution of partnership firm.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by the Goodner Wholesale Grocer Company against W. D. Bellomy, J. A. Bellomy, and others. Judgment for plaintiff against J. A. Bellomy, but against plaintiff in favor of the other defendants, and plaintiff appeals. Judgment for defendants reversed and rendered, and in other respects judgment left undisturbed.

McFarlane & McFarlane, of Graham, for appellant.

Binkley & Binkley, of Graham, for appellees.

CONNER, C. J. This suit was instituted in the district court of Young county by the Goodner Wholesale Grocer Company. As showing the nature of the suit and the parties against whom the complaint is made, we quote from that company's second amended original petition, filed in said court September 8, 1925, as follows:

"Now comes the Goodner Wholesale Grocer Company, a corporation doing business under the laws of state of Texas, with place of business at Wichita Falls, Tex., and leave of the court being first obtained, files this their second original amended petition amending its original petition filed August 9, 1924, and its first amended original petition filed September 25, 1924, complaining of Bellomy & Sons & Lloyd, a partnership composed of W. D. Bellomy, W. B. Bellomy, and J. A. Bellomy, and Frank Lloyd, who reside in Young county, Tex., hereinafter styled defendants, and for cause of action plaintiffs says:

"(1) That on or about the 13th day of January, A. D. 1922, the defendants W. D. Bellomy, W. B. Bellomy, and J. A. Bellomy were doing business at Eliasville, Tex., under the firm name of Bellomy & Sons, and that, on or after the date above stated, the plaintiff, at the special instance and request of the defendants, sold and delivered to them at the several times specified in the account herewith filed and marked Exhibit A, and made a part hereof, certain wares, goods, and merchandise in said account mentioned, in consideration whereof the defendants then and there promised to pay the plaintiff the several sums of money charged therefor in said itemized, verified account specified, amounting to the sum of $1,111.08.

"(2) That some time afterwards, but during the continuance of this account, the defendants moved their grocery store and place of business from Eliasville, Tex., to Herron City, Tex., and that after said removal they took in an additional partner, to wit, Mr. Frank Lloyd, without any change in the firm, otherwise, to the knowledge of this plaintiff, and it was their

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

information that the said Frank Lloyd had only a working interest in said concern. That this plaintiff had no information from any source that the defendants W. D. Bellomy and W. B. Bellomy had ever retired or withdrawn from said firm and did not continue therein."

It was further alleged that the account referred to was past due and unpaid, to plaintiff's damage in the sum of $1,111.08, for which the plaintiff prayed a recovery. There was an affidavit attached to the account by M. P. Rogers that the account was just, true, and correct, and that it was due, and that all just and lawful offsets, payments, and credits had been allowed, etc.

W. D., W. B., and J. A. Bellomy were all duly cited to answer the plaintiff's cause of action, but there was a failure to cite Frank Lloyd, and he was dismissed from the case.

J. A. Bellomy filed no answer but W. B. and W. D. Bellomy answered, with a denial under oath that they or either of them was ever a partner or member of the alleged Bellomy & Sons & Lloyd partnership, or that they or either of them had ever held or owned any shares or interest in any partnership as alleged by the plaintiff, or that they or either of them was ever a partner with Frank Lloyd, or that any one of them represented said partnership, or was ever their agent for any purpose. Said defendants further answer by exceptions to the plaintiff's petition by a general demurrer, and specially to the effect that no partnership such as alleged by the plaintiff ever existed within their knowledge. They further alleged:

"That they were engaged in the grocery business in Eliasville, Tex., until the 1st day of August, 1924, under the firm name of Bellomy & Sons, and that said firm retired from business by dissolution and mutual agreement on said 1st day of August, 1924.

"That the stock and fixtures of said business were at said time sold to J. A. Bellomy and Frank Lloyd, who engaged in business at Herron City, Tex., under the firm name of Bellomy & Lloyd, and that neither of defendants hereinabove named were interested in said partnership of Bellomy & Lloyd, nor did they own any shares in said firm.

"That at the time these defendants retired from business at Eliasville they had paid the plaintiffs in full of all sums then due and owing to said plaintiffs, and that thereafter these defendants purchased nothing from said plaintiff, nor did they authorize any one to purchase goods in their names.

"That at the time of said dissolution the plaintiffs had actual and legal notice of said dissolution to the effect that said defendants W. D. Bellomy and W. B. Bellomy were retiring from business, and said business had been sold to J. A. Bellomy and Frank Lloyd."

Upon the pleadings as thus presented, the trial proceeded. M. P. Rogers, in behalf of plaintiff, was introduced as a witness, and testified that he was a bookkeeper by occupation, and employed by the Goodner Wholesale Company from December, 1919, to January 1, 1925; that he was in the credit and accounting department, and that it was his duty to pass on the credit of all accounts made by the Goodner Wholesale Company; that during that time there was an account on the books of the company "with Bellomy & Sons, and also with Bellomy & Lloyd"; that he did not remember whether he had any information from Bellomy & Sons direct as to who composed that firm; that he received from their traveling salesman a report of who composed the firm of Bellomy & Sons. The witness then identified the "ledger sheets" of the plaintiff company, kept at Wichita Falls in the office of the plaintiff. He stated that such sheets represented the condition of the "account of Bellomy & Sons on the dates therein stated"; that the account was opened in February, 1921; that the charges and credits on that account "are verified by these signed orders of Bellomy & Sons." The last charge made on the account with the exception of an interest charge, was on January 10, 1923. The witness further testified that he had never been notified by W. B. or W. D. Bellomy, or any one in their behalf, that they had withdrawn from the firm of Bellomy & Sons & Lloyd.

C. L. Walker testified in behalf of plaintiff that he was a salesman; that it was a part of his duty to call on the firm of Bellomy & Sons regularly during the time the account in this case was being created; and that he did so call on them; that it was his "duty in calling on the trade in my territory to keep my company fully advised as to any change that might be made in the status or personnel of any of the customers upon whom I made regular calls. I was never advised by any member of the firm of Bellomy & Sons of any change in the ownership of this business, or any change of the liability of the parties owning this business. It was not a part of my duties to pass on the credit of the company. The main office of the company at Wichita Falls passed on the credits. I don't remember that I ever notified the Wichita Falls office of any change made in the personnel of this company, or that any such change was ever communicated to me."

Mr. C. D. Whitley testified that he was the vice president of plaintiff company, and on one occasion had visited the business at Eliasville, and there had a conversation with W. B. Bellomy about their business relation, but did not remember that the subject of who constituted the firm was mentioned.

In behalf of plaintiff, the ledger sheets referred to by the witness Rogers were then offered in evidence. These sheets show that the first item entered was a debit of $34 on February 12, 1921, with a cash credit of $34 on February 14th of the same year. The items thus continue with the dates of the several debits and credits, with stated balances. The entire number of ledger sheets occupy 14 pages of the transcript. The first entry made, as

above stated, was on February 12, 1921, and the last one noted on the ledger sheet was an item of $17.40, on January 29, 1923. The balance of indebtedness, as shown by the ledger sheets, existing on September 23, 1923, was $1,075.90.

In addition to the ledger sheets above noticed, plaintiff also offered in evidence signed orders for merchandise for which charges had been made. The first signed order of Bellomy & Sons was dated January 13, 1922. The last order signed by Bellomy & Sons was dated August 24, 1922.

No further testimony being offered by either party, both plaintiff and defendants requested a peremptory jury instruction in their favor, upon consideration of which the court denied the motion of the plaintiff, and granted that of the defendants; in accordance with which the jury returned a verdict, and the court entered its judgment against J. A. Bellomy, but in favor of W. D. and W. B. Bellomy. The plaintiff has appealed.

One ground of the defendants' motion for an instructed verdict was that the account of the plaintiff was not such as, when verified, constituted proof of its contents. Another was that the plaintiff had sued a partnership designated as "Bellomy & Sons & Lloyd"; and plaintiff had offered no proof whatever of the existence of any such partnership, or that the defendants W. B. Bellomy and W. D. Bellomy were members of such partnership.

[1, 2] We have endeavored to carefully consider the record in this case, and think we must agree with appellee and evidently with the trial court that the plaintiff's suit, in part at least, was specifically against the alleged partnership of "Bellomy & Sons & Lloyd." And, inasmuch as there was no proof whatever that there was any such partnership or, if so, that the defendants W. B. and W. D. Bellomy were members thereof, the case made by the plaintiff's petition, as against that alleged firm, must fail, regardless of the form of the account verified by Rogers, which, in form, is similar to that condemned in the cases of A. Harris & Co. v. Grinnell, Willis & Co. (Tex. Civ. App.) 187 S. W. 753; Wall & Carr v. J. M. Radford Gro. Co. (Tex. Civ. App.) 176 S. W. 785; Hickman v. Grocer Co. (Tex. Civ. App.) 62 S. W. 1081; Pittsburg Plate Glass Co. v. Roquemore (Tex. Civ. App.) 88 S. W. 449. We attach no importance, however, to the form of the verified account, inasmuch as the plaintiff seems not to have relied thereon, having introduced, as hereinabove shown, the ledger sheets from the books of the plaintiff company and that written orders for merchandise. If we should stop the consideration of the case at this point, we think we should be required to approve the judgment below, but, as shown, the defendants W. B. and W. D. Bellomy in their answer distinctly alleged that they were members of the partnership firm of Bellomy & Sons, doing business in Eliasville, charging that that partnership was dissolved on the 1st day of August, 1922, and that all indebtedness of that firm existing at the date of such dissolution had been paid. We are disposed to regard this answer, especially in view of paragraph 1 in plaintiff's petition, as presenting the issues therein set forth, regardless of the theory upon which the plaintiff originally instituted its suit. So considering and treating this answer, and considering the evidence offered, we find that the very numerous items of indebtedness charged to Bellomy & Sons from the date of their first order, to wit, January 13, 1922, to the date of the dissolution of that partnership, aggregate, if no mistake in calculation has been made, the sum $2,926.25. The credits allowed on the face of the same ledger sheets during that period aggregate the sum of $2,841.27, leaving a balance due the plaintiff of $84.98. The defendants offered no proof whatever contesting the accuracy of the charges made on the ledger sheets or the credits entered, and we conclude that the trial court should have peremptorily instructed the jury in the plaintiff's favor for a recovery in the sum of said balance.

[3, 4] Appellant contends for the full amount of the account on two theories: First, that the plaintiff corporation had no notice of the dissolution of the partnership of Bellomy & Sons; and, second, on the theory that in a suit against a partnership each member of a firm is liable, and against him recovery may be had, citing the cases of High Hardware Co. v. Garlitz (Tex. Civ. App.) 265 S. W. 1059, and Fowler Com. Co. v. Charles Land Co. (Tex. Com. App.) 248 S. W. 314. Each of these cases were suits against an individual member of a partnership and not against the partnership, and the holding was that such suits might be maintained. In the case before us, however, the suit, as may be seen from the plaintiff's allegations, was against the partnership of Bellomy & Sons & Lloyd, and only incidentally, if at all, against the partnership of Bellomy & Sons; no member of that firm being sued individually. We think, too, that the plaintiff's own evidence, which is not otherwise explained, shows that the plaintiff corporation had notice of the dissolution of the firm of Bellomy & Sons as early as August 25, 1922, the day after the defendants alleged that partnership of which they were members was dissolved, for we find the first signed order of "Bellomy & Lloyd" appears to be dated that day. Numerous other orders so signed and numerous other charges for merchandise appear thereafter in the statement of facts.

We accordingly conclude that the judgment below should be reversed and here rendered against W. B. and W. D. Bellomy and for appellant in the sum of $84.98, together with all costs in the court below and in this court: the judgment below in all other respects being left undisturbed.