Deeming the evidence insufficient, the judgment is reversed and the cause remanded.

---

**REPUBLIC PRODUCTION CO. v. COLLINS.**

(No. 369.)

Court of Civil Appeals of Texas. Eastland.
Jan. 6, 1928.

Rehearing Denied Feb. 3, 1928. Motion to Set Aside Court's Order Overruled March 29, 1928.

**1. Appeal and error ⚶⟹1039(2)—That petition erroneously denominated agreement partnership was not prejudicial, where it actually created parties tenants in common.**

Where agreement between plaintiff and defendant constituted them tenants in common as to water in tank, no prejudice resulted because agreement was erroneously denominated a partnership and court failed to define partnership.

**2. Tenants in common ⚶⟹35—Where tenant in common without authority of cotenant sells whole of common property, cotenant may sue for tort or ratify sale and recover share of proceeds.**

Where tenant in common without previous authority of cotenant sells whole of common property, other tenant may sue as for tort or ratify act and recover share of proceeds as for money had and received for his use.

**3. Appeal and error ⚶⟹499(3)—Assignments complaining of leading questions are without merit, where bill does not show that objections were made on such ground.**

Assignments complaining of asking and answering of leading questions are without merit, where bill of exceptions failed to disclose that objections were made to questions on such ground.

**4. Appeal and error ⚶⟹1048(3)—Asking and answering leading question resulting in mere repetition of previous answer was not prejudicial.**

No prejudice resulted in asking and answering of leading question which elicited testimony which was a mere repetition of witness' previous answer which had been given without objection.

**5. Trial ⚶⟹352(5)—Agreement for construction of water tank and use of water held properly submitted as one agreement.**

Agreement between plaintiff and defendant for construction of water tank and on its completion both parties to have right to use water from such tank was not susceptible of being divided into distinct and severable parts, and hence was properly submitted as one agreement.

**6. Tenancy in common ⚶⟹38(8)—Tenant in common selling water without authority of cotenant has burden, in suit to recover proceeds, of proving amount of expense incurred in selling water.**

Where tenant in common of water stored in tank sold it without authority of cotenant, in

suit by cotenant to recover proceeds of sale, tenant selling water had burden of proving amount of expense incurred in selling it.

**7. Appeal and error ⚶⟹1033(3)—Exclusion of lease and deed did not prejudice defendant, where, if admitted, it would have tended more to damage defendant's case than otherwise.**

In suit by tenant in common against cotenant for recovery of share of proceeds of sale of water by cotenant, exclusion of oil, gas, and mineral lease and deed did not prejudice defendant, where, if admitted, it would have tended more to damage defendant's case than otherwise.

**8. Tenancy in common ⚶⟹35—That one of tenants in common was permitted to use water at all times did not justify cotenant in selling water contrary to agreement.**

Where plaintiff and defendant each owned half interest in stored water as tenants in common, fact that plaintiff had been permitted at all times to use water did not justify defendant in selling water without authority of cotenant and contrary to agreement.

**9. Limitation of actions ⚶⟹66(7)—Limitation did not begin to run against tenant in common suing for proceeds from unlawful sale of water by cotenant until demand and refusal to account.**

Where one of tenants in common unlawfully sold water, limitation did not begin to run against suit by cotenant for share of proceeds of sale until demand and refusal to account, and, where demand and refusal was within two years prior to time of filing suit, limitation was not available as defense.

**10. Tenancy in common ⚶⟹38(9)—Tenant in common unlawfully selling water held entitled only to claim reasonable proportion of whole expense incurred in sale of water.**

In suit by tenant in common against cotenant for recovery of share of proceeds of unlawful sale of water by cotenant, where exact account of expense in selling water was not kept, latter was entitled only to claim reasonable proportion of whole expense incurred in sale of water, and not amount actually expended, which covered whole of operations engaged in by defendant.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. A. Collins against the Republic Production Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Moore, Jr., of Houston, and G. O. Bateman, of Breckenridge, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

PANNILL, C. J. Appellee, Collins, sought and recovered in this suit judgment for the value of one-half of water sold by appellant from a tank situated on premises in which appellee owned the surface right and appellant held an oil, gas, and mineral lease. The recovery allowed appellee was less the amount the jury found to have been expend-

ed by appellant in selling the water. The undisputed facts concerning the transaction were that a dispute arose between appellant and appellee as to the right of appellant to use water from another tank then located on the premises, and as a result of this controversy it was agreed that the parties would complete the tank in question, which had been previously begun and left unfinished, and, according to appellee's version, which was sustained by the verdict, appellee was to furnish a certain amount of labor, the appellant the remainder, and complete the tank, and that, when completed, each party should have the right to use water from said tank, appellant the right to use water for drilling oil wells on its own lease contiguous thereto, and appellee the right to use water for domestic and irrigation purposes; that the tank was completed and the water impounded therein with a surface of approximately five acres; that thereafter, without the consent of appellee, appellant sold water to other lessors for use in the drilling of wells on leases in which appellant had no interest; and that the total amount received by appellant for said sale of water amounted to $2,565. There was a controversy between the parties as to the terms of said agreement with reference to building said tank, and also with reference to the expense accruing to appellant in order to sell said water.

The submission was upon special issues, in answer to which a special verdict was returned, the verdict finding that the tank was built as a partnership tank, with the agreement that each should have all the water they wanted therefrom exclusively for their own use, and that appellant reasonably expended the sum of $653.60 in marketing the water. No issue was submitted as to the amount received by appellant for water, because, as stated, that amount was not in dispute.

Appellant has presented 20 assignments of error with 34 propositions thereunder. An attempt will be made to group the points raised and state generally the conclusions reached in regard thereto, and in so doing, enough of the record will be shown as deemed necessary to illustrate the points presented.

[1, 2] In plaintiff's petition the agreement stated in substance above was denominated by him as a partnership, and in the submission the court followed the allegation and, as stated, asked the jury whether the tank was built as a partnership tank with the agreement that each should use the water therefrom. A general demurrer was presented upon the ground that the agreement was named as a partnership, and no sufficient facts were pleaded to show that a partnership in fact existed. The court's charge is criticised for failure to define a partnership. The insistence is that the jury was allowed to find that there was a partnership existing, without being advised as to the elements requisite to constitute such a relation. The agreement which was stated in detail in the petition was not for the formation of a partnership, but for the acquisition of the bank as tenants in common. Calling it a partnership did not alter the legal effect of the facts pleaded. If the agreement had further provided for the sale of the water and a division of the profits, a partnership would have resulted. The agreement fell far short of this, and therefore the petition showed a cotenancy.

The agreement as submitted by the court constituted the parties, as a matter of fact, cotenants, and the use of the word "partnership" therein was surplusage. The answer of the jury having found that the agreement pleaded and testified to by appellee was the agreement, we are unable to perceive how any probable error could arise because that agreement was erroneously denominated a partnership. Furthermore, as brought by appellee, his suit had the same practical effect as though the agreement had been to construct the tank and sell water and divide the profits. Where a tenant in common, without the previous authority of his cotenant, sells the whole of the common property, the nonconsenting tenant has open to him two remedies: He may sue as for a tort; or he may ratify the act of his cotenant in selling the property and recover his share of the proceeds as for money had and received for his use. T. & P. C. & O. Co. v. Kirtley (Tex. Civ. App.) 288 S. W. 619 (writ of error refused); 7 R. C. L. p. 890, § 86.

[3, 4] Several assignments are presented, complaining of the asking and answering of leading questions. Most of these assignments are without merit, because the bill of exceptions fail to disclose that objection was made to the question on that ground. One of them shows that the objection noted was lodged to the asking and answering by appellee while on the witness stand of the question, in effect, that the only excuse given by appellant's agent for failing to pay appellee for his part of the water was that the cost of selling it was equal to or greater than what was received for the water. This bill is qualified by the court with a statement that the witness had previously, without objection, testified to this same state of facts, and that the question objected to occurred near the close of the witness' testimony and was a mere repetition of the witness' previous answer. Considering the fact that there is very little difference in the testimony of the witness Murphy, who was acting for appellant in the construction of the tank, and that given by appellee, we have concluded that the real defense by appellant was in fact that the expense equalled or exceeded the

amount received for the water, and therefore no harm could possibly have accrued to appellant from the repetition of his testimony procured by this leading question. The substance of Murphy's testimony is that it was agreed that appellant should furnish certain labor and appellee certain other labor, and the tank should. be built, and each one should have the right to use the water. He denied appellee's testimony to the effect that they should own water 50-50, and further denied that there was any specific agreement that appellant should be restricted in using the water exclusively to work on its own leases. This lease under which appellant operated is shown by bill of exceptions. This lease clearly restricted appellant in the use of surface water, to its operations on the leased premises. From this we infer that no right to sell surface water from said premises would accrue to appellant in the absence of some special agreement therefor. Therefore the assignments under discussion are without merit. What has just been said disposes of the assignments complaining of the refusal of the court to instruct a verdict for the defendant.

[5] Objection was made to the issue submitting the agreement stated in substance above, to the effect that two separate issues were submitted, the claim being that three separate issues of fact were submitted in this issue: First, were the plaintiff and defendant partners in building the tank? Second, did plaintiff and defendant agree that each should have all the water they wanted from said tank? Third, was there an agreement between plaintiff and defendant that the water taken from said tank was to be for the exclusive use of said parties? As stated, we do not think the question of partnership was in the case. We do not agree with appellant that two issues of fact were submitted in this issue. But one agreement was submitted and we do not believe the same is susceptible of being divided into distinct and severable parts, but was properly submitted as one agreement. Adams v. T. P. C. & O. Co. (Tex. Civ. App.) 275 S. W. 1100.

[6] It is not believed that the court erred in placing the burden on appellant to prove the amount of expense incurred by it in selling the water. No authority has been cited to sustain appellant's proposition that the submission was erroneous. The general rule applicable to such situations would undoubtedly place the burden on appellant as the facts were exclusively within its knowledge, nor does such issue appear to be upon the weight of the evidence, as suggested by appellant, in that it presupposes there was a partnership existing. The amount received by appellant was admitted by it in an itemized statement attached to its answer. In said itemized statement expense was claimed

by it exceeding the amount received. The appellee did not contest the amount stated to have been received, but did raise an issue as to the amounts of the expense being chargeable against the proceeds of the sale. An other objection to said issue was that the court was in error in submitting to the jury whether the amounts to be allowed were reasonable, appellant insisting that the amount expended by it should be allowed without regard to whether it was reasonable or not. This objection will be treated in connection with the question of limitation hereinafter to be discussed.

[7, 8] Complaint is made that the court erred in refusing to admit in evidence the oil, gas, and mineral lease to appellant and the deed received by appellee when he purchased the surface of the land, the minerals being reserved by appellee's grantor. The suit was by appellee, as stated, upon a specific agreement between himself and appellant, with respect to the ownership and the use of water, and based apparently upon a valuable consideration. No objection to the validity of this agreement is urged, except that appellant's rights are controlled by the prior lease. An inspection of the leasehold created by the mineral lease demonstrates that its admission in evidence would not have aided appellant's case. As stated above, that instrument restricted appellant's right to the use of water for its operation on leased premises. If admitted, it would have, we believe, tended more to the damage and injury of appellant's case than otherwise. The same is true as to the deed. The deed to appellee as shown in the transcript conveyed him the premises, subject to the oil and gas leases previously executed by the owners of the premises, which gave him the right to surface water subject thereto. Appellant requested the court to submit to the jury an issue as to whether appellee had been permitted at all times to use water from said tank in accordance with the agreement under which it was constructed. This was refused. Omitting any question as to the objection to the form of said issue, it does not appear to possess any merit. The proposition submitted under it is that, if it had been established in appellant's favor, it would have defeated recovery, because appellee did not prove that appellant used more than its share of the water. We do not believe an affirmative answer to this issue would have justified appellant in selling water from this tank to be used in the drilling of leases owned by third parties. Under the agreement between the parties appellant owned an undivided one-half interest in all this water and without some sort of division of it appellant would be liable for the sale of it without appellee's consent.

[9, 10] The remaining questions are, as stated, with reference to the allowance to

appellant of a reasonable amount of expense incurred by it in the sale of the water and the question of limitation. These points, being closely related, will be disposed of together. The sale of the water by appellant began on January 14, 1924, and continued at intervals up to and including February, 1926. Appellant's original petition was filed April 22, 1926. It is the position of appellant that appellee's suit was one for conversion and that, therefore, all the items which had accrued more than two years prior to April 22, 1926, were barred by limitation. As shown above, a cotenant has two remedies, where the other cotenant sells the common property and does not specifically restrict his sale to his interest. One of these remedies is a suit to recover his share of the proceeds. This is thought to be the course pursued by appellee in his petition. He does not sue for the value of the water, but for his share of the amount received. Therefore limitation would begin to run, not from the time the water was sold, but from the time appellee demanded and appellant refused to account. We are not passing upon when this demand and accounting should occur, as the plea of limitation is not based upon an unreasonable time elapsing, and that question is not in the case. The time when the demand was made and the refusal therefor was within the two-year period prior to the time the suit was filed and for that reason limitation was not available as a defense to appellant. Having adopted this view, it follows, of course, that appellee is only entitled to recover the amount in fact which appellant received, and, as an abstract proposition, its contention that the recovery should be for the amount received for the water, less the amount actually expended by appellant in marketing it, is correct. But, as applied to the facts of this case, it has been concluded that the court's instruction does not present probable error. The facts show: That appellant had erected a large overground tank and that water was pumped from the pond in question to this tank and distributed by gravity to appellant's own lease. That later a line was laid from this tank to the well of Walker-Caldwell Company and most of the water was sold to the latter. That during the time of the sale of the water to the company last named appellant was also engaged in drilling on its leases. No attempt was made by appellant to keep an account of the expenses incurred solely from the sale of the water. Appellant had three men regularly employed for a number of years on its leases, and the amount charged by appellant on the trial to the expense account for the sale of water included the value of the services of one or more of these men, regularly in its employ. Also the rental value per day of the pump used in pumping the water. Appellant's witnesses admitted that there was no way of telling the amount of expense incurred from the sale of the water. Manifestly, the entire cost of pumping water to its wells, as well as to the wells of Walker-Caldwell, could not be charged to the latter's operations. Some testimony was introduced that an extra pumper was employed; but the wages paid, nor who was employed, nor the length of time was not shown, either by appellant's books nor by its evidence. In this situation, the most that appellant could claim was that a reasonable proportion of the whole expense should be alloted to the sale of the water, and we believe this was what was really presented in the issue as submitted.

If the jury had been asked to state the amount spent by appellant in the sale of this water, it could not have answered except by an estimation as to the reasonable proportion that the operations of pumping the water to the Walker-Caldwell wells bore to the whole operations of appellant during the period. There was no question made by appellee as to the reasonableness of the amount expended by appellant in paying hands and for gasoline and oil. The only dispute was as to the question of fact as to whether appellant was required to lay a line from the pond to Walker-Caldwell leases, or whether it was only necessary to lay the line from appellant's overground 1,600 barrel tank to the Walker-Caldwell lease. As to the cost of laying the line there was practically no dispute. If appellant had kept an accurate account of the amount spent in pumping water to its customers and had separated these items from the whole operations being carried on by it, it would have been necessary to have allowed appellant the amount actually expended; but where, as here, the amount expended covered the whole of the operations engaged in by appellant, and only a part of it should be deducted from the amount appellee was seeking to recover, and that part being ascertainable only by approximation, we do not believe the submission under assault was erroneous.

Finding no reversible error, the judgment of the trial court is affirmed.

HICKMAN, J., disqualified and not sitting.