**Russell KNOX, Appellant,**

v.

**Mary Genevieve Knox STEPHENS et vir, Appellees.**

**No. 12890.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1955.

Rehearing Denied Jan. 11, 1956.

Hoyo, Shelton & Haight, San Antonio, for appellant.

Clifton & Tynan, San Antonio, for appellees.

POPE, Justice.

This is a suit for money had and received. Plaintiff, Russell Knox, is the son of William J. Knox. He sued Mary Knox Stephens for the sum of $4,000, which was one-half of the proceeds from the sale of the community property and homestead owned by his father and Mary Knox Stephens. The trial court gave judgment for Mary Knox Stephens because the suit was barred by the two-year statute of limitations. The court made findings of fact and filed conclusions of law. We affirm the judgment. Plaintiff never saw his father. William J. Knox, the father, married plaintiff's mother in Caldwell County in 1914, but they separated before plaintiff was born, and were divorced in 1916. After the separation, the father lived for a while in Taylor and then moved to San Antonio, where he resided until his death in 1945. Plaintiff lived all his life in Caldwell County, which is about 60 miles from San Antonio. His mother also resided there. He actually learned of his father's death and of the property in September, 1954.

William J. Knox married the defendant, Mary Knox Stephens, in 1936, in San Antonio, and they lived in or near there until his death in 1945. He never disclosed to his wife that he had a son. During their marriage they acquired a home as community property, and after his death, defendant continued to reside in the home for seven years. On July 10, 1952, she made an affidavit that she was the sole owner of the home and sold it for $8,000. She deposited the money in the bank under her name, treated it as her own and spent some of it. Approximately $4,000 is still on deposit in the bank.

The trial court found, supported by the evidence, that Mary Knox Stephens had no knowledge that William J. Knox

had a son born of the previous marriage, until this suit was filed on November 3, 1954, and concluded that she converted the proceeds on July 10, 1952. The court found further that the plaintiff, some time prior to 1931, went to Talyor, Texas, on advice of his mother, to locate his father, but that his inquiries were not successful. The court also found that since that time the plaintiff did not make a diligent inquiry regarding the location of his father. From the evidence, plaintiff would have met few obstacles had he made a diligent search. His mother knew that William J. Knox had a sister and two brothers and that they lived in or around San Antonio. The sister enjoyed a rather extended visit in the Knox home in Caldwell County shortly after her brother's marriage in 1914. The sister continuously resided in San Antonio, and was at all times in communication with her brother, William J. Knox, who also lived in San Antonio and had his name and address listed in the telephone directory. A casual inquiry of his mother about his father's family would have put the plaintiff in direct contact with his father before his death and would have afforded him information about the transactions here in issue, which occurred after his death. The trial court could properly find that plaintiff was lacking in diligence and the finding is not attacked.

Where the facts may be ascertained by inquiry or diligence, ignorance of the existence of a cause of action does not toll the statute of limitations. Morgan v. Hunley, Tex.Civ.App., 267 S.W.2d 274. See, also, Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757; Wichita National Bank v. United States Fidelity & Guaranty Co., Tex.Civ.App., 147 S.W.2d 295; Robinson v. State, Tex.Civ.App., 143 S.W.2d 629; Blondeau v. Sommer, Tex. Civ.App., 139 S.W.2d 223.

This is not a suit for the recovery of the real estate, nor to impress a trust, but is one for money had and received. Republic Production Co. v. Collins, Tex.Civ. App., 3 S.W.2d 1113; 29 Tex.Jur., Money Received, § 4.

The two-year statute of limitations governs suits for money had and received. Art. 5526, Vernon's Ann.Civ. Stats.; Wingo v. Rudder, 103 Tex. 150, 124 S.W. 899; Rayner Cattle Co. v. Bedford, 91 Tex. 642, 45 S.W. 554, affirming 44 S.W. 410; Mitchell-Greer Co. v. Mitchell, Tex.Civ.App., 246 S.W. 690; Johnson v. Johnson, Tex.Civ.App., 206 S.W. 369; Albrecht v. Albrecht, Tex.CivApp., 35 S.W. 1076. Since the cause of action arose on July 10, 1952, when defendant converted all the property to her own use, and suit was not filed until November 3, 1954, the action was barred by limitations.

The judgment is affirmed.